**Ricardo BARRERA, M.D., Petitioner,**

v.

**Isela RICO and Manuel Rico, Individually and as Parents and Next Friends of Gloria Rico, a Minor, Respondents.**

No. 05–0928.

Supreme Court of Texas.

April 18, 2008.

Ronald G. Hole, Ida Cecilia Garza, Hole & Alvarez, P.C., McAllen, TX, for Petitioner.

Robert J. Talaska, Timothy Lyle Culberson, The Talaska Law Firm P.L.L.C., Houston, TX, for Respondents.

PER CURIAM.

At issue in this case is whether the trial court's denial of two motions for dismissal with prejudice and sanctions under former article 4590i of the Medical Liability Insurance Improvement Act (MLIIA) is appealable following a plaintiff's nonsuit.[1] A di-

---

1. Prior to the filing of this case, the Legislature repealed, codified, and amended parts of the MLIIA. Act of June 2, 2003, 78th Leg., R.S., ch. 204, 2003 Tex. Gen. Laws 847 (current version at TEX. CIV. PRAC. & REM.CODE §§ 74.001–.507). The amendments relevant to this case were not made effective until September 1, 2003. Accordingly, Texas Revised Civil Statutes article 4590i continues to govern this case. Acts of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, *amended by* Act of May 18, 1979, 66th Leg., R.S., ch. 596, 1979 Tex. Gen. Laws 1259, *amended by* Act of May 26, 1989, 71st Leg., R.S., ch. 1027, §§ 27, 28, 1989 Tex. Gen. Laws 4128, 4145, *amended by* Act of March 21, 1991, 72d Leg., R.S., ch. 14, § 284, 1991 Tex. Gen. Laws 42, 222, *amended by* Act

vided court of appeals dismissed the case for lack of jurisdiction, concluding that the trial court's subsequent entry of the plaintiff's nonsuit rendered moot the two interlocutory orders denying the motions. 2005 WL 1693698, at *1. Because our decision in *Villafani v. Trejo*, 251 S.W.3d 466 (Tex. 2008), governs the case at bar, we reverse the court of appeals' judgment and remand to the court of appeals to consider the merits of the appeal.

On August 29, 2003, plaintiffs Isela Rico and Manuel Rico (the Ricos) filed suit against Dr. Ricardo Barrera for medical malpractice individually and as parents and next friends of Gloria Rico. On March 22, 2004, the Ricos filed an expert report. The trial court denied both of Barrera's subsequent motions for dismissal and sanctions, which claimed that the expert report was untimely and inadequate. The Ricos then filed a notice of nonsuit without prejudice. On the same day, the trial court entered an order granting the nonsuit without prejudice. Barrera then timely perfected an appeal of the trial court's orders denying his two motions. The court of appeals held that the nonsuit and dismissal rendered the interlocutory orders moot and thus deprived the court of jurisdiction. 2005 WL 1693698, at *1.

In *Villafani*, a defendant physician appealed the trial court's denial of his motion for dismissal and sanctions after the entry of nonsuit. We held that the court of appeals had jurisdiction to determine whether the trial court abused its discretion in denying the motion. *Villafani*, 251 S.W.3d at 467. Similarly, Barrera appealed the trial court's denials of his motions after the entry of nonsuit. The court of

appeals' judgment that it lacked jurisdiction in this case is thus erroneous. *See id.*

Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand this case to that court to consider the merits of the appeal in light of our opinion in *Villafani*. *See* TEX.R.APP. P. 59.1, 60.2(f).

of May 25, 1993, 73d Leg., R.S., ch. 625, 1993 Tex. Gen. Laws 2347, *amended by* Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985, *amended by* Act of June 1, 1997, 75th Leg., R.S., ch. 1228, 1997 Tex. Gen. Laws 4693, *amended by* Act of June 2,

1997, 75th Leg., R.S., ch. 1396, §§ 44, 45, 1997 Tex. Gen. Laws 5202, 5249, *amended by* Act of May 13, 1999, 76th Leg., R.S., ch. 242, 1999 Tex. Gen. Laws 1104, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.