Juan Mario VILLAFANI,
M.D., Petitioner,

v.

Adela TREJO, Respondent.

No. 06–0501.

Supreme Court of Texas.

Argued April 10, 2007.

Delivered April 18, 2008.

Ronald G. Hole, Ida Cecilia Garza, Hole & Alvarez, P.C., McAllen, for Petitioner.

Robert Edward Brzezinski, Clarence V. Lyons, Lyons & Rhodes, San Antonio, for Respondent.

Justice WAINWRIGHT delivered the opinion of the Court.

After the plaintiff in this medical malpractice action nonsuited her claims, the defendant appealed the trial court's denial of his motion for sanctions pursuant to the Medical Liability Insurance Improvement Act (MLIIA).[1] A divided court of appeals dismissed the appeal for lack of jurisdiction. — S.W.3d —, —. We consider whether the trial court's denial of the sanctions motion was appealable after the plaintiff's nonsuit. We conclude that it was, and therefore the appeal was within the court of appeals' jurisdiction. We reverse and remand to the court of appeals for further proceedings consistent with this opinion.

## I. Facts and Procedural Background

On June 24, 2002, Adela Trejo filed a medical malpractice suit against two physicians, Dr. Juan Mario Villafani and Dr. Ruben Lopez, the medical center, and others involved in an abdominal surgery. Trejo filed timely expert reports as required by section 13.01(d) of the MLIIA. See TEX.REV.CIV. STAT. art. 4590i § 13.01(d). On February 10, 2004, Villafani filed a

motion for sanctions and dismissal, claiming that the expert report did not satisfy statutory requirements. See id. § 13.01(e). The trial court denied Villafani's motion. On April 30, 2004, Trejo filed a notice of nonsuit without prejudice as to Villafani. The trial court severed Trejo's claims against Villafani and dismissed the claims without prejudice, rendering a final judgment as to Villafani. Villafani appealed the trial court's denial of his motion for sanctions and dismissal. The court of appeals dismissed Villafani's appeal for lack of jurisdiction. — S.W.3d —, —. Villafani petitioned this Court for review. We review the court of appeals' determination of its jurisdiction de novo. McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 231 (Tex.2001).

## II. Law and Analysis

### A. The Medical Liability Insurance Improvement Act

In the MLIIA, the Legislature modified the liability laws for health care claims to address what the Legislature described as a medical "crisis [that] has had a material adverse effect on the delivery of medical and health care in Texas." Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1.02(a)(6), 1977 Tex. Gen. Laws 2039, 2040 (former TEX.REV.CIV. STAT. art. 4590i, § 1.02(a)(6)); see also Act of June 2, 2003, 78th Leg., R. S., ch. 204, § 10. 11, 2003 Tex. Gen. Laws

1. While this case was pending on appeal, the Legislature repealed, codified, and amended parts of the MLIIA. Act of June 2, 2003, 78th Leg., R.S., ch. 204, 2003 Tex. Gen. Laws 847 (current version at TEX. CIV. PRAC. & REM.CODE §§ 74.001–.507). Because Texas Revised Civil Statutes article 4590i continues to govern this case, we apply that version. Acts of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, amended by Act of May 18, 1979, 66th Leg., R.S., ch. 596, 1979 Tex. Gen. Laws 1259, amended by Act of May 26, 1989, 71st Leg., R.S., ch. 1027, §§ 27, 28, 1989 Tex. Gen. Laws 4128, 4145, amended by Act of

March 21, 1991, 72d Leg., R.S., ch. 14, § 284, 1991 Tex. Gen. Laws 42, 222, amended by Act of May 25, 1993, 73d Leg., R.S., ch. 625, 1993 Tex. Gen. Laws 2347, amended by Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985, amended by Act of June 1, 1997, 75th Leg., R.S., ch. 1228, 1997 Tex. Gen. Laws 4693, amended by Act of June 2, 1997, 75th Leg., R.S., ch. 1396, §§ 44, 45, 1997 Tex. Gen. Laws 5202, 5249, amended by Act of May 13, 1999, 76th Leg., R.S., ch. 242, 1999 Tex. Gen. Laws 1104, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

847, 884 (reiterating the Legislature's concern about the gravity of an ongoing "medical malpractice insurance crisis" caused in part by an increased number of health care liability claims since 1995); *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005).

Part of the modifications requires plaintiffs to timely file an expert report that includes a fair summary of the expert's opinions on the applicable standards of care, the manner in which the care rendered by the defendant physician or health care provider failed to meet those standards, and the causal relationship between that failure and the injury, harm, or damages claimed. TEX.REV.CIV. STAT. art. 4590i § 13.01(d), (r)(6); *see also Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). The statute requires a plaintiff to provide this expert report within 180 days of filing a claim or, if not provided, to voluntarily nonsuit the claim against the defendant. TEX.REV.CIV. STAT. art. 4590i § 13.01(d). If the plaintiff fails to provide an adequate expert report or to voluntarily nonsuit the claim, the statute allows a defendant to move for sanctions against the plaintiff, including: (1) an award of attorney's fees against the plaintiff; (2) forfeiture of any applicable cost bond necessary to pay that award; and (3) dismissal of the case with prejudice. *Id.* § 13.01(e).

**B. Appeal of the Interlocutory Order**

■ Before the trial court dismissed Trejo's claims against Villafani, the order denying Villafani's motion for sanctions and dismissal was interlocutory. Under the current version of the MLIIA and the Civil Practice and Remedies Code, a claimant may take an interlocutory appeal of a trial court's grant or denial of these sanctions. *See* TEX. CIV. PRAC. & REM.CODE §§ 51.014(a)(9), (10), 74.351(b). Such an interlocutory appeal was not available under the version of the MLIIA applicable to this case. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.03, 2003 Tex. Gen. Laws 847, 849 (adding interlocutory appeal of grants and denials of motions for sanctions under section 74.351 of the Texas Civil Practice and Remedies Code).

Here, the trial court's denial of Villafani's motion for sanctions and dismissal and Trejo's nonsuit collectively disposed of all the claims between the two parties. *See Univ. of Tex. Med. Branch at Galveston v. Blackmon,* 195 S.W.3d 98, 101 (Tex.2006) (filing of nonsuit has the effect of "rendering the merits of the case moot"). Thus, the trial court's severance and dismissal order on the nonsuit became a final judgment for purposes of appeal. *See In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) ("[T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires."); *see also Davidoff v. GX Tech. Corp.,* 134 S.W.3d 514, 515 (Tex.App.-Waco 2004, pet. denied) (holding absence of signed order dismissing counterclaims prevented appeal, as there was no final order, despite filing of nonsuit). The trial court's denial of Villafani's motion for sanctions and dismissal was no longer an interlocutory order and was therefore appealable at that point. *See McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 707 (1961) (hearing an appeal of an interlocutory default judgment, which became final after nonsuit of other parties).

**C. Effect of the Nonsuit**

■ Trejo argues and the court of appeals concluded that the nonsuit of Trejo's claims against Villafani rendered moot the interlocutory order denying Villafani's motion and deprived the court of appeals of jurisdiction. Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the

litigation until they have introduced all evidence other than rebuttal evidence at trial. TEX.R. CIV. P. 162; *In re Bennett,* 960 S.W.2d at 38. One unique effect of a nonsuit is that it can vitiate certain interlocutory orders, rendering them moot and unappealable. *See Blackmon,* 195 S.W.3d at 101 (pending appeal of trial court's denial of plea to the jurisdiction required to be dismissed after nonsuit in trial court); *In re Bennett,* 960 S.W.2d at 38; *see also Gen. Land Office of State v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990) (holding temporary injunction extinguished by nonsuit and dismissing appeal as moot).

■ There is, however, a notable exception to this rule. Although a plaintiff decides which of its claims to pursue or abandon, that decision does not control the fate of a non-moving party's independent claims for affirmative relief. *See North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897 (Tex.1966) ("It will not be presumed that a judgment dismissing a plaintiff's suit on nonsuit ... also disposed of the issues in an independent cross-action."). For example, a plaintiff's nonsuit cannot extinguish a defendant's counterclaim for costs and attorney's fees. *Klein v. Dooley,* 949 S.W.2d 307, 307 (Tex.1997); *see also BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840–41 (Tex.1990) (holding nonsuit cannot affect nonmovant's independent counterclaim for affirmative relief). In addition, a party's right to nonsuit cannot be used to disturb a court's judgment on the merits of a claim, such as a partial summary judgment against the nonsuiting party. *Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853, 855 (Tex.1995) ("Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit.").

■ Trejo contends that Villafani's motion did not survive the nonsuit because of rule 162 of the Texas Rules of Civil Procedure. Rule 162 states that a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." TEX.R. CIV. P. 162. A nonsuit under Rule 162 also has "no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." *Id.* Trejo argues that since the trial court denied Villafani's motion before Trejo filed the nonsuit, the motion was not a *pending* claim for affirmative relief. Thus, Trejo argues, Rule 162 does not protect Villafani's motion from the nullifying effect of the nonsuit.

■ We disagree with Trejo's conclusion that Rule 162 prohibits Villafani from appealing the trial court's ruling on the sanctions motion. Rule 162 protects a party's "pending claim for affirmative relief" from the general rule that a party is required to get a ruling (or a refusal to rule) from a trial court to preserve a right to appeal. *Id.; see also* TEX.R.APP. P. 33.1. We have previously held that "Rule 162 merely acknowledges that a nonsuit does not affect ... a pending sanctions motion; it does not purport to limit the trial court's power to act." *Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596 (Tex.1996). Rule 162's protection of pending claims for affirmative relief does not by negative implication permit a nonsuiting party to control another party's already decided or not yet made claims for affirmative relief.

In *Scott & White Memorial Hospital,* we recognized that a trial court continues to have authority to decide a motion for sanctions relating to pre-judgment conduct during its plenary jurisdiction, even following a nonsuit by a party. *Id.* at 595–96; *see also In re Bennett,* 960 S.W.2d at 38. In that case, multiple defendants moved for sanctions against the plaintiff after the plaintiff had nonsuited the parties but within the time period the trial court retained plenary jurisdiction. *Scott & White*

*Mem. Hosp.*, 940 S.W.2d at 595. We noted that "Rule 162 speaks *only* to the effects of a nonsuit on a motion for sanctions pending at the time of dismissal" and held that Rule 162 did not affect a trial court's authority to hear motions for sanctions during its plenary jurisdiction. *Id.* at 596 (emphasis added).

Similarly, we do not read Rule 162 to mean that a nonsuit prevents a non-moving party from appealing a trial court's ruling on claims for affirmative relief merely because the ruling occurred prior to the nonsuit. It would be odd to suggest that parties who follow the instruction of rule 33.1 of the Texas Rules of Appellate Procedure and obtain a ruling to preserve an appeal are then precluded from an appeal by a nonsuit *because* they obtained that ruling. Texas cases demonstrate this principle. This Court has in the past heard appeals from a trial court's grant of summary judgment against a plaintiff, even where a defendant has nonsuited counterclaims after that summary judgment ruling. *See, e.g., Mackie v. McKenzie*, 890 S.W.2d 807, 808 (Tex.1994). Texas courts of appeals are also no strangers to hearing appeals from plaintiffs who have received an adverse rulings on claims, even though those rulings were followed by a nonsuit of counterclaims by defendants. *See, e.g., Davidoff*, 134 S.W.3d at 515 (abatement order); *Atchison v. Weingarten Realty Mgmt. Co.*, 916 S.W.2d 74, 75 (Tex.App.-Houston [1st Dist.] 1996, no writ). Just as a defendant's nonsuit of claims against a plaintiff does not nullify the plaintiff's claims against the defendant (or the ability to appeal those claims), neither can a plaintiff's nonsuit of claims against a defendant nullify the defendant's claims against the plaintiff. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 38 (Tex.2008).

■ Whether a particular sanction is considered a claim for affirmative relief

that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction. *Scott & White Mem'l Hosp.*, 940 S.W.2d at 596; *see also OXY U.S.A., Inc.*, 789 S.W.2d at 570 (A party makes a claim for affirmative relief by alleging grounds "on which he could recover benefits, compensation or relief" and does more than resist a plaintiff's right to recover.). If, for example, a trial court imposes a discovery sanction excluding witnesses to insure a party is afforded a fair trial, a nonsuit obviates the reason for the sanction—to protect the integrity of the proceeding—and thus the sanction does not survive the nonsuit. *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806–07 (Tex. 1993). Monetary sanctions, on the other hand, may serve compensatory and punitive purposes beyond the specific proceeding and, therefore, survive a nonsuit and can be the subject of an appeal. *Felderhoff v. Knauf*, 819 S.W.2d 110, 111 (Tex. 1991); *see also Zeifman v. Michels*, 229 S.W.3d 460, 464 (Tex.App.-Austin 2007, no pet.) (defendant appealed a denial of motion for sanctions based on frivolous pleadings after plaintiff nonsuited child custody dispute); *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex.App.-San Antonio 1997, no pet.) (A claim for attorney's fees is not an affirmative claim where it is based solely on the defense against the other party's claims but is an affirmative claim where it is based on an independent ground or as a sanction.).

Allowing defendants to seek sanctions under the MLIIA for attorney's fees and dismissal with prejudice deters claimants from filing meritless suits. *Palacios*, 46 S.W.3d at 878. Removing a defendant's ability to appeal a denial of a motion for sanctions after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity. *See Scott & White Mem'l*

*Hosp.*, 940 S.W.2d at 597 ("If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.' ") (citation omitted). Therefore, because the purpose of the sanctions under the MLIIA survived Trejo's nonsuit of her claims, we hold that Villafani's motion was for sanctions that survive a nonsuit and could be the subject of an appeal.[2] *Cf. Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988) (holding dispute over attorney's fees is a live controversy and thus the case was not moot). Thus, Villafani had the right to seek appellate review of the trial court's denial of his motion for sanctions and dismissal of Trejo's claims.

### III. Conclusion

We hold that Villafani was entitled to appeal the trial court's denial of his motion for sanctions under the MLIIA following Trejo's nonsuit. The court of appeals erred in dismissing Villafani's appeal for lack of jurisdiction. Accordingly, we reverse and remand to the court of appeals for further proceedings consistent with this opinion.

---

**2.** This is not to suggest, however, that a motion for sanctions under the MLIIA will always be reviewable on appeal after a final judgment. We need not address that issue in this case.