Dismissed and Memorandum Opinion filed June 25, 2009








Dismissed and Memorandum Opinion filed June 25, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00485-CV

_______________

 

FOUNDATION DESIGN, LTD. d/b/a LARRY SMITH ENGINEERING
and LARRY SMITH, Appellants

 

V.

 

NICOLAS BARZOUKAS, Appellee

                                                                                                                                        
       

On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2007-39932

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this
interlocutory appeal, appellants assert that the trial court erred by denying
their motion to dismiss because appellee failed to attach a certificate of
merit to his petition.  Appellee filed a motion to dismiss this appeal as moot
because it had non-suited the underlying case; we ordered the motion taken with
the case.  After reviewing the briefs, the record, and the motion, we dismiss
the appeal as moot.








I.  Factual and Procedural Background

In
September 2005, Nicolas Barzoukas entered into a contract to have a home
designed and built in the Houston Heights area.  In October 2007, Barzoukas
filed suit against, inter alia, engineering firm Foundation Design, Ltd.
d/b/a Larry Smith Engineering and Larry Smith (collectively, the ASmith Defendants@) alleging design and construction
defects resulting from various causes of action, including negligence and
fraud.  The Smith Defendants filed a motion to dismiss with prejudice in
January 2007, claiming that Barzoukas failed to comply with the statutory
requirement that he file a certificate of merit.[1] 
The trial court denied the motion to dismiss in May 2008, and the Smith
Defendants filed an interlocutory appeal.[2] 


While
the appeal was pending, Barzoukas filed a motion to nonsuit his claims without
prejudice against the Smith Defendants.  The trial court signed an order
granting the nonsuit without prejudice on August 4, 2008.  On August 5, 2008,
Barzoukas filed a motion to dismiss the Smith Defendants= appeal, claiming that because the
claims against them had been nonsuited, this appeal was rendered moot pursuant
to Texas Rule of Appellate Procedure 42.3.  This court ordered the motion to
dismiss taken with the case.








II.  Issues Presented

On
appeal, the Smith Defendants challenge the trial court=s denial of their motion to dismiss
the case.  They assert that we should dismiss Barzoukas=s case, but remand to the trial court
to determine whether the dismissal should be with or without prejudice.  We
conclude, however, that Barzoukas=s nonsuit of his claims below renders
this appeal moot.  We therefore do not reach the merits of the Smith Defendants= appellate issues and instead grant
Barzoukas=s motion to dismiss the appeal.

III.  Mootness

Texas
Rule of Civil Procedure 162 provides a plaintiff with an absolute right to
nonsuit claims, except that any dismissal Ashall not prejudice the right of an
adverse party to be heard on a pending claim for affirmative relief. . . .@  Tex.
R. Civ. P. 162.   Generally, the nonsuit of the underlying case renders
a pending appeal moot, resulting in the dismissal of the appeal.  Carter v.
Stevens Transp., Inc., 225 S.W.3d 607, 608 (Tex. App.CEl Paso 2006, no pet.); see also
Zipp v. Wuemling, 218 S.W.3d 71, 73 (Tex. 2007) (AAn appeal is moot when a court=s action on the merits cannot affect
the rights of the parties.@).  








The
Smith Defendants contend that their motion to dismiss the case with prejudice
constituted an independent claim for affirmative relief that survives a
nonsuit.  In support of their arguments, they cite to various cases
interpreting the Medical Liability Insurance Improvement Act (MLIIA),[3]
which they contend  is analogous to section 150.002 of the Texas Civil Practice
and Remedies Code.[4]  The MLIIA
requires a plaintiff in a medical malpractice claim to timely file an expert
report, and if one is not filed, allows a defendant to seek attorney=s fees, costs, and dismissal of the
plaintiff=s claim with prejudice.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a)B(b) (Vernon 2005).  When an expert
report is not timely filed, the court must dismiss the plaintiff=s claims with prejudice.  See id. ' 74.351(b).  Thus, the Texas Supreme
Court has concluded that a motion for sanctions seeking attorney=s fees and dismissal under the MLIIA
survives a nonsuit and may be appealed.  Villafani v. Trejo, 251 S.W.3d
466, 471 (Tex. 2008); see also Tex.
R. Civ. P. 162 (providing that a nonsuit has no effect on a pending
motion for sanctions, attorney=s fees, or other costs, although a nonsuit authorizes the
clerk to tax costs against the dismissing party unless otherwise ordered by the
court). 








This
case, however, is governed by section 150.002 of the Texas Civil Practice &
Remedies Code, which is distinguishable from the MLIIA in several major
respects.  Unlike section 74.351(b) of the MLIIA, section 150.002(d) does not
permit recovery of attorney=s fees or provide an independent basis for taxing costs
against a plaintiff.[5]  Compare Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b) (providing that if a
plaintiff fails to comply with expert report requirements as mandated by other
subsections, court shall enter order that awards reasonable attorney=s fees and costs) with id. ' 150.002(d) (requiring only dismissal
in the event of noncompliance with the certificate of merit requirement). 
Moreover, subsection 150.002(d) vests the trial court with discretion to
dismiss the claim with prejudice if a certificate of merit is not filed. See
id. ' 150.002(d) (AThis dismissal may be with
prejudice.@) (emphasis added).  In contrast, subsection 74.351(b) of the MLIIA requires
the trial court to dismiss the claim with prejudice if no expert report is
filed.  See id. ' 74.351(b).

In sum,
although both the MLIIA and section 150.002 may share some similar characteristics,
section 150.002 neither requires the award of attorney=s fees and costs nor mandates
dismissal with prejudice when a certificate of merit is not timely filed.[6] 
Thus, under these circumstances, we do not consider the Smith Defendants= motion to dismiss a claim for
affirmative relief.  Because they have not directed us to any other request for
affirmative relief that would have survived the nonsuit of Barzoukas=s claims, we conclude that this
appeal has been rendered moot.       

Accordingly,
we grant Barzoukas=s motion and dismiss the appeal.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel
consists of Justices Anderson, Guzman, and Boyce.









[1]  See
Tex. Civ. Prac. & Rem. Code Ann. '
150.002(a) (Vernon Supp. 2006).  This subsection, entitled ACertificate of Merit,@ provides:

In any
action or arbitration proceeding for damages arising out of the provision of
professional services by a licensed or registered professional, the plaintiff
shall be required to file with the complaint an affidavit of a third‑party
licensed architect, registered professional land surveyor, or licensed
professional engineer competent to testify, holding the same professional
license as, and practicing in the same area of practice as the defendant, which
affidavit shall set forth specifically at least one negligent act, error, or
omission claimed to exist and the factual basis for each such claim. The third‑party
professional engineer, registered professional land surveyor, or licensed
architect shall be licensed in this state and actively engaged in the practice
of architecture, surveying, or engineering.

Id.  





[2]  See id. '
150.002(e) (permitting interlocutory appeal of order granting or denying motion
to dismiss).





[3]  See, e.g., Villafani v. Trejo, 251
S.W.3d 466 (Tex. 2008).  In Villafani, the plaintiff filed an expert
report, and the defendant filed a motion for sanctions and for dismissal,
alleging the report did not comply with the statute.  251 S.W.3d 466, 467 (Tex.
2008)  The trial court denied the defendant=s
motion, and the defendant appealed.  Id.  The plaintiff subsequently
nonsuited his claims against the defendant;  the court of appeals dismissed the
defendant=s appeal for lack of jurisdiction.  Id.  The
Texas Supreme Court disagreed, however, and concluded that the defendant=s motion for sanctions and dismissal constituted a
claim for affirmative relief.  Id. at 469; see also id. at 468
(describing dismissal with prejudice under the MLIIA as a sanction).  The court
added: ARule 162=s
protection of pending claims for affirmative relief does not by negative
implication permit a nonsuiting party to control another party=s already decided or not yet made claims for
affirmative relief.@  Id. at 469.  The court noted that it had to
look to the purpose of the particular sanction in order to determine if the
sanction is one that survives a nonsuit.  Id. at 470.  Because the MLIIA
allows defendants to seek sanctions of attorney=s fees and dismissal with prejudice, the court concluded that these
sanctions serve a purpose of deterring the filing of frivolous claims.  Id. 
ARemoving a defendant=s ability to appeal a denial of a motion for sanctions after a nonsuit
frustrates this purpose [of deterrence]; a claimant could simply nonsuit a
meritless claim and later re‑file the claim with impunity.@  Id.  Accordingly, the court held that a
motion for sanctions seeking attorney=s
fees and dismissal under the MLIIA survives a nonsuit and could be the subject
of appeal.  Id. at 471.





[4]  The Smith Defendants have not cited, nor have we
found, any cases arising under Texas Civil Practice & Remedies Code section
150.002 in this particular procedural posture, i.e., where a nonsuit has
been granted in the case while the interlocutory appeal of a motion to dismiss
is pending.  





[5] The Smith Defendants sought neither monetary
sanctions nor attorney=s fees or costs of court in their motion to dismiss.





[6]  As noted above, the Smith Defendants ask this court
to Areverse the district court=s order denying [Barzoukas=s] motion to dismiss, render a dismissal in [their]
favor . . . , and remand this case to the district court to determine
whether the dismissal should be with or without prejudice to the refiling of
same.@  (emphasis added).  The Smith Defendants do not
contend that the trial court erred by failing to dismiss Barzoukas=s claims with prejudice.  Thus, even if we were to
determine that the trial court erred in denying their motion to dismiss, an
issue we do not reach, we note that the district court has already granted
Barzoukas=s motion for nonsuit without prejudice.  The order on
Barzoukas=s nonsuit is procedurally a dismissal without
prejudice; remanding to the trial court to do that which it has already done
would be a waste of judicial resources.