02-11-160-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00160-CV

 

 


 
 
 CTL/Thompson Texas, LLC
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Starwood Homeowner's Association, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 431st
District COURT OF Denton COUNTY

----------

 

OPINION

----------

 

          This
is an interlocutory appeal from an order denying Appellant CTL/Thompson Texas,
LLC’s motion to dismiss Appellee Starwood Homeowner’s Association, Inc.’s claims
based on Starwood’s alleged failure to comply with the certificate of merit requirements
of chapter 150 of the Texas Civil Practice and Remedies Code.  After the trial
court denied CTL’s motion to dismiss and after CTL filed its notice of appeal
perfecting this appeal, Starwood filed a nonsuit in the trial court, nonsuiting
all of its claims against all defendants, including CTL.  Starwood subsequently
filed in this court an emergency motion to dismiss this appeal, arguing that as
a result of its nonsuit, no justiciable controversy currently exists between
the parties, this appeal is now moot, and this court possesses no jurisdiction
over the appeal.

CTL filed
a response to Starwood’s emergency motion to dismiss this appeal.  CTL argues
that its motion to dismiss Starwood’s claims for Starwood’s alleged failure to
comply with the statutory certificate of merit requirements is, in fact, a
motion for sanctions (seeking the sanction of dismissal with prejudice) and
that, accordingly, it constitutes an affirmative claim for relief that survives
Starwood’s nonsuit.[1]  

          Pursuant
to Texas Rule of Civil Procedure 162, a plaintiff possesses an absolute right
to nonsuit claims, except that any dismissal “shall not prejudice the right of
an adverse party to be heard on a pending claim for affirmative relief.”  Tex.
R. Civ. P. 162.  Generally, the nonsuit of the underlying case renders a
pending appeal moot, resulting in the dismissal of the appeal.  Carter v.
Stevens Transp., Inc., 225 S.W.3d 607, 608 (Tex. App.—El Paso 2006, no
pet.); see also Zipp v. Wuemling, 218 S.W.3d 71, 73 (Tex. 2007) (“An
appeal is moot when a court’s action on the merits cannot affect the rights of
the parties.”).

          As
mentioned above, CTL contends that its motion to dismiss Starwood’s claims
based on Starwood’s purported failure to comply with the statutory certificate
of merit requirements is a claim for affirmative relief (akin to a motion for
sanctions) that survives the nonsuit.  By way of analogy, CTL points out that
when a trial court is required to dismiss a heath care liability claim under
the Medical Liability Insurance Improvement Act (MLIIA) for a claimant’s failure
to comply with statutory expert report requirements, the motion to dismiss is
treated as in the nature of a motion for sanctions, and a claimant’s nonsuit
has no effect on the pending motion to dismiss.  See Villafani v.
Trejo, 251 S.W.3d 466, 471 (Tex. 2008); see also Tex. R. Civ. P. 162
(providing that a nonsuit has no effect on a pending motion for sanctions,
attorney’s fees, or other costs, although a nonsuit authorizes the clerk to tax
costs against the dismissing party unless otherwise ordered by the court).

          The
statute governing certificates of merit, however, is substantially different
from the statute governing expert reports.  Compare Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(d)–(e) (West 2011), with id. § 74.351(a)–(b)
(West 2011).  Concerning dismissal of a plaintiff’s claims against a defendant
design professional for failure to comply with the statutory certificate of
merit requirements, chapter 150 does not permit recovery of attorney’s fees,
does not provide an independent basis for taxing costs against a plaintiff, and
provides for dismissal either without prejudice or with prejudice at the trial
court’s discretion; it does not require dismissal with prejudice.  See id. §
150.002(d)–(e).  Chapter 74 of the MLIIA, on the other hand, requires a trial
court to dismiss a health care liability claim with prejudice if the claimant
does not comply with the chapter’s statutory expert report requirements, and it
mandates an award of costs and attorney’s fees when properly requested and
proved.  See id. § 74.351(a)–(b); Trejo, 251 S.W.3d at 471.  Thus,
the plain language of chapter 74 concerning the statutory consequences imposed
for a failure to comply with chapter 74’s expert report requirements makes a chapter
74 motion to dismiss a “motion [] for sanctions that survive[s] a nonsuit.”  Trejo,
251 S.W.3d at 471.  The plain language of chapter 150 concerning the statutory
consequences imposed for a failure to comply with chapter 150’s certificate of
merit requirements––dismissal without prejudice or discretion to dismiss with
prejudice––does not make a motion to dismiss pursuant to chapter 150 a motion
for sanctions.  See Found. Design, Ltd. v. Barzoukas, No.
14-08-00485-CV, 2009 WL 1795130, at *2 (Tex. App.—Houston [14th Dist.] June 25,
2009, no pet.) (mem. op.) (holding that a chapter 150 dismissal motion does not
survive a nonsuit, even when the defendant design professional seeks dismissal
with prejudice).  

Because
Starwood nonsuited all its claims in the trial court, because CTL’s chapter 150
motion to dismiss is not a motion for sanctions that survives the nonsuit, and
because this appeal is now moot, we grant Starwood’s emergency motion to
dismiss this appeal.  We order this interlocutory appeal dismissed as moot.

 

 

SUE WALKER

                                                                             JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  September 29,
2011









[1]CTL also argues that
Starwood has already refiled its claims in another district court and that
dominant jurisdiction exists in the 431st Judicial District Court.  Starwood’s
actions in other trial courts and in other trial court cause numbers, however,
are not relevant to whether a justiciable controversy currently exists in this
case, whether this appeal is moot, or whether we possess jurisdiction in this
interlocutory appeal.  Compare Wyatt v. Shaw Plumbing Co., 760 S.W.2d
245, 248 (Tex. 1988) (stating that dominant jurisdiction is question of
appropriate venue based on where suit is first filed), and Gordon v. Jones,
196 S.W.3d 376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting
that concept of dominant jurisdiction is not jurisdictional in the sense of
subject-matter jurisdiction), with Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 444–47 (Tex. 1993) (stating that lack of a real
controversy between parties to a lawsuit deprives court of subject-matter
jurisdiction).