# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00872-CV

**Empower Texans, Inc. and Michael Quinn Sullivan, Appellants**

**v.**

**Texas Ethics Commission, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT**
**NO. D-1-GN-15-004455, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

This appeal, in which Empower Texans, Inc., and Michael Quinn Sullivan appeal from the trial court's order granting the plea to the jurisdiction filed by appellee the Texas Ethics Commission, presents a very narrow question: whether the trial court could exercise jurisdiction over the counterclaim filed by Empower Texans challenging the constitutionality of the Commission's exercise of its statutory authority.[1] As explained below, the counterclaim properly invoked the jurisdiction of the trial court, and we therefore will reverse the trial court's order in part and remand the cause for further proceedings in light of this opinion.

---

[1] Appellants also counterclaimed for injunctive relief, attorney's fees, and other declarations, and the Commission sought dismissal of all but two of appellants' counterclaims. Thus, two requests for declaratory relief remain pending in the trial court. On appeal, appellants only complain of the trial court's dismissal of their counterclaim related to the constitutionality of the Commission's exercise of its enforcement powers, and we thus limit our consideration to whether the trial court could have exercised jurisdiction over that particular counterclaim.

**Procedural and Factual Summary[2]**

The Commission was created by the legislature under Article III, Section 24a of the Texas Constitution and is governed by Chapter 571 of the Government Code. Tex. Gov't Code § 571.021 ("This chapter applies to the Texas Ethics Commission created under Article III, Section 24a, of the Texas Constitution."); *see* Tex. Const. art. III, § 24a ("Texas Ethics Commission"); Tex. Gov't Code §§ 571.001-.177 ("Texas Ethics Commission"). Its purpose is to regulate elections and prohibit undue influence while protecting the public's constitutional right to apply to the government for the redress of grievances. Tex. Gov't Code § 571.001. Chapter 571, which "shall be construed to achieve" its objectives, gives the Commission the power to receive and investigate complaints filed against a "person subject to a law administered and enforced by the commission" and, if the Commission deems it necessary, to initiate civil enforcement actions and assess sanctions. *See id*. §§ 571.001 ("Purpose"), .121-.142 (Subchapter D, "Complaint Procedures and Hearings"), .171-.177 (Subchapter F, "Enforcement").

In 2015, the Commission filed a petition seeking to enforce subpoenas it had issued to appellants. The Commission stated in its petition that it issued the subpoenas to obtain information it needed to evaluate the merits of two ethics complaints filed against appellants. Appellants filed an answer and asserted a counterclaim for declaratory relief as to whether the Commission is an executive-branch or legislative-branch agency and whether it is thus barred from exercising its statutory authority given by sections 571.061 and 571.062 of the Government Code

---

[2] Because the underlying facts are well known to the parties, we will summarize the facts only as far as is necessary to explain our reasoning. We take the factual summary from the pleadings and other filings in the clerk's record.

by the separation-of-powers provision of the Texas Constitution. *See* Tex. Const. art. II, § 1. The Commission nonsuited its action against appellants and then filed a plea to the jurisdiction seeking to bar appellants' counterclaim. The trial court held a hearing and granted the plea.

## Immunity & Justiciability

Although the State and its agencies are generally protected from suit by sovereign immunity, immunity does not bar a suit seeking equitable or declaratory relief to remedy a constitutional violation, *see City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995), or to challenge the constitutionality of a statute, *see* Tex. Civ. Prac. & Rem. Code § 37.004 (person whose rights are affected by statute may challenge validity of statute under Uniform Declaratory Judgments Act ("UDJA"));[3] *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 75-76 (Tex. 2015); *Abbott v. G.G.E.*, 463 S.W.3d 633, 647-48 (Tex. App.—Austin 2015, pet. denied).[4]

Justiciability is a separate jurisdictional requirement.[5] *See, e.g.*, *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (ripeness and standing emphasize "the need for a

---

[3] See generally Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 ("Uniform Declaratory Judgments Act").

[4] *See also Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 & n.3 (Tex. 2011) (noting that UDJA waives sovereign immunity from suit challenging validity of statute); *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634 (Tex. 2010) ("the DJA permits statutory challenges").

[5] Standing, ripeness, and mootness are aspects of the justiciability inquiry, which goes to whether a court has subject-matter jurisdiction over a case. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010); *City of Austin v. Savetownlake.Org*, No. 03-07-00410-CV, 2008 WL 3877683, at *6 (Tex. App.—Austin Aug. 22, 2008, no pet.) (mem. op.) ("ripeness and mootness are threshold issues that implicate subject matter jurisdiction," and both consider issue of timing).

concrete injury for a justiciable claim to be presented"); *Patterson v. Planned Parenthood of Hou. and Se. Tex., Inc.*, 971 S.W.2d 439, 442-43 (Tex. 1998) ("The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness, lie in the prohibition on advisory opinions, which in turn stems from the separation of powers doctrine."). A party seeking a declaration may not seek an advisory opinion and must show that the requested relief will resolve a live controversy between the parties. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163-64 (Tex. 2004); *see G.G.E.*, 463 S.W.3d at 647. "The standing doctrine identifies suits appropriate for judicial resolution" and ensures that there is a real controversy "that will be determined by the judicial declaration sought." *Patel*, 469 S.W.3d at 77. Thus, the party "must both suffer some actual or threatened restriction under the statute and contend that the statute unconstitutionally restricts" its rights. *Id.* (cleaned up).

The party must show that its claim is ripe, meaning that "*at the time a lawsuit is filed*, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.* at 78 (cleaned up); *see Patterson*, 971 S.W.2d at 442 (ripeness examines when action may be brought and "asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote"). "By maintaining this focus, the ripeness doctrine serves to avoid premature adjudication." *Patterson*, 971 S.W.2d at 442. Finally, "a court cannot not decide a case that has become moot during the pendency of the litigation," meaning that "the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). "A case becomes moot when there ceases to be a justiciable controversy between the parties or when the

4

parties cease to have a legally cognizable interest in the outcome." *State ex rel. Best v. Harper*, __ S.W.3d __, No. 16-0647, 2018 WL 3207125, at *2 (Tex. June 29, 2018) (cleaned up); *see Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

## Discussion

Appellants contend that the trial court erred in dismissing their counterclaim challenging the constitutionality of certain statutes. The Commission, on the other hand, argues that because it dismissed the ethics claims filed against appellants and nonsuited its lawsuit, there was no longer any action threatened against them by the Commission. It argues that appellants therefore lacked standing to prosecute their counterclaim and that the claim for declaratory relief was rendered moot and unripe and no longer presents a justiciable controversy.[6]

If events during the pendency of a case make it impossible for the court to grant the requested relief or otherwise affect the parties' rights or interests, a case becomes moot. *Harper*, 2018 WL 3207125, at *2. If a case becomes moot, the court loses jurisdiction because any decision rendered at that point would be an advisory opinion. *Id.*; *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). The supreme court has explained that "[a]lthough a plaintiff decides which of its claims to pursue or abandon, that decision does not control the fate of a non-moving party's independent claims for affirmative relief." *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). A State agency's "cessation of challenged conduct does not, in itself, deprive a

---

[6] It is well settled that we review a trial court's ruling on a plea to the jurisdiction de novo, construing the pleadings liberally in favor of jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004).

court of the power to hear or determine claims for prospective relief." *Matthews*, 484 S.W.3d at 418. "[D]ismissal may be appropriate when subsequent events make absolutely clear that the challenged conduct could not reasonably be expected to recur," but "[p]ersuading a court that the challenged conduct cannot reasonably be expected to recur is a heavy burden." *Id.* (cleaned up).

Although the supreme court held in *Williams* that the "capable of repetition, yet evading review" exception to the mootness doctrine applies only in rare circumstances, 52 S.W.3d at 184, we believe that the *Matthews* opinion controls in this case. As explained in *Matthews*, an opposing party's voluntary conduct may result in mootness even without that party's admission that the challenged conduct was illegal, but "those cases generally involved conduct that could not be easily undone, and thus foreclosed a reasonable chance of recurrence." 484 S.W.3d at 419.

The Commission dismissed the underlying ethics complaints and nonsuited its action against appellants, but it has never indicated that it would not act similarly in the event a new complaint was filed against appellants and asserts that it has the authority to do so. Although the Commission does not have current, concrete plans to take action against appellants under sections 571.061 and 571.062, in the event another sworn complaint is filed, the Commission has expressed its position that it would so act if necessary. The Commission states that it is responsible for administering and enforcing certain portions of the election code, that it must conduct reviews of all properly filed complaints, that complaints sometimes must proceed to a formal hearing, and that the Commission must be able to issue subpoenas to facilitate its investigations. As in *Matthews*, the Commission defends its statutory authority in the face of appellants' constitutional challenge to that authority. *See id.* at 419-20.

6

The Commission had the "heavy burden" of showing that its subsequent actions made it "absolutely clear" that the conduct challenged by appellants could not reasonably be expected to recur. *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 131 (Tex. App.—Austin 2007, no pet.) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). However, its dismissal of the underlying ethics complaints and nonsuiting its lawsuit provides no assurance that the Commission will not take the same steps against appellants in the future. Under the circumstances presented here, including the Commission's arguments related to its statutory authority and duties, we hold that the Commission's nonsuit did not render moot appellants' counterclaim related to the Commission's authority under the government code. *See Matthews*, 484 S.W.3d at 419-20; *Bexar Metro. Water Dist.*, 234 S.W.3d at 131.

As for standing and ripeness, those issues are generally determined at the beginning of the case, *Patel*, 469 S.W.3d at 78; *Perry v. Del Rio*, 66 S.W.3d 239, 249-50 (Tex. 2001), but a party may lose standing during the pendency of a case, *see Williams*, 52 S.W.3d at 184 (if case becomes moot, "parties lose standing to maintain their claims"), and a claim may become unripe due to intervening events, *see Perry*, 66 S.W.3d at 249 (appellate court should consider intervening events occurring after lower court's decision, just as with questions of mootness). For the same reasons we concluded that the controversy between the parties did not become moot, we hold both that appellants did not lose standing due to the Commission's nonsuit, *see Lakey v. Taylor ex rel. Shearer*, 278 S.W.3d 6, 12-13 (Tex. App.—Austin 2008, no pet.) (appellees had standing under "capable-of-repetition-yet-evading-review exception to the mootness doctrine"); *American Nat'l Ins. Co. v. Cannon*, 86 S.W.3d 801, 806 (Tex. App.—Beaumont 2002, no pet.) ("Generally, a personal

7

stake must exist at the beginning of litigation and continue throughout the lawsuit's existence," but "exception to the general rule may apply when a claim on the merits is capable of repetition, yet evades review."), and that the Commission's nonsuit did not render appellants' counterclaim unripe, *see Patel*, 469 S.W.3d at 78.

Nor does sovereign immunity bar appellants' counterclaim. The Commission contends that the "real substance" of the counterclaim did not challenge the constitutionality of a statute but instead asked the trial court "to interpret whether the Commission is a legislative or executive branch agency" and "whether the Commission is entitled to exercise the rights vested in it by the legislature" in sections 571.061 and 571.062 of the Government Code. Thus, it argues, that counterclaim is barred because the UDJA does not waive sovereign immunity for a claim seeking "statutory interpretation." *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011).

Appellants' counterclaim, set out in paragraph 81 of its amended answer and counterclaim, reads as follows:

> Defendants/Counter-Plaintiffs seek this court declare that the TEC is an executive branch agency as it relates to the statutory and rulemaking duties given by the Legislature in Tex. Gov't Code § 571.061 and § 571.062. In the alternative, Defendants/Counter-Plaintiffs seek this court declare that the TEC is a legislative branch agency and therefore prohibited by Articles I and II of the Texas Constitution from exercising any statutory authority as set out in Tex. Gov't Code § 571.061 and § 571.062. If the court finds that the TEC is a legislative agency, the Defendants/Counter-Plaintiffs also request the court declare that all fees and fines assessed and collected by the TEC were done without authority, and that final decisions by the TEC are void and without authority and effect and that the TEC must cease and desist all enforcement activities.

Appellants do not assert that the Commission or any individuals associated with the Commission had acted in violation of or excess of their statutory authority. Instead, they contest the propriety of the Commission's statutory authority in and of itself. Appellants argue that the Commission is a legislative agency and thus that Article II of the Texas Constitution, which divides the State's power into three distinct departments and bars one of those departments from exercising a power properly attached to one of the others, *see* Tex. Const. art. II, § 1, prohibits the Commission from acting under sections 571.061 and 571.062 of the Government Code, which tasks the Commission with administering and enforcing the election code and other statutes.[7] Reading the pleadings liberally in favor of jurisdiction, as we must, *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018); *Lakey*, 278 S.W.3d at 11, appellants' counterclaim contends that the Commission is a legislative agency and, thus, that the legislature's granting it executive enforcement powers is in violation of the constitution's separation-of-powers provision.[8]

---

[7] *See* Tex. Gov't Code §§ 571.061 ("Laws Administered and Enforced by Commission") (Commission shall administer and enforce Chapters 302, 303, 305, 572, and 2004 of Government Code; Sections 2152.064 and 2155.003 of Government Code; Chapter 159, Subchapter C, of Local Government Code; and Title 15 of Election Code), .062 ("Rules") (Commission may adopt rules to administer laws "administered and enforced by" Commission).

[8] We note that in their answer to the Commission's plea to the jurisdiction, appellants made their constitutionality argument with more clarity:

4. The TEC seeks to avoid obvious liability with regard to the Tex. Civ. Prac. & Rem. Code § 105 counterclaim by asserting it is a "Legislative Agency". Such an assertion is in direct contravention to Article I and Article II of the Texas Constitution which established a republican form of state government with separate and district branches of government. To assert that the Legislative Branch has an agency with executive power, see Tex. Gov't Code § 571.061, but is not an "Executive Branch Agency", is a disavowal of Article II and the separation of powers. The Legislature cannot, as a matter of fundamental constitutional law, create an agency under its authority which has the power to make rules, enforce laws, issues

Appellants' counterclaim, read liberally, must be viewed as challenging the constitutionality of the statutes granting the Commission its enforcement powers. *See Patel*, 469 S.W.3d at 75-76; *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633-34 (Tex. 2010); *see also Bouillion*, 896 S.W.2d at 149 ("suits for equitable remedies for violation of constitutional rights are not prohibited").

## Conclusion

We have held that the Commission's nonsuiting of its action against appellants did not moot or otherwise render non-justiciable appellants' counterclaim related to the constitutionality of the Commission's enforcement powers. We have further held that appellants' counterclaim does in essence challenge the constitutionality of sections 571.061 and 571.062 and thus is not barred by sovereign immunity. The trial court therefore erred in granting the Commission's plea to the jurisdiction as to that counterclaim. We reverse the trial court's dismissal of appellants' counterclaim as set out in paragraph 81 of its amended answer and counterclaim.[9] We remand that counterclaim for further proceedings before the trial court. The remaining, uncontested portions of the trial court's order of dismissal are affirmed.

---

orders and collect fines. Yet, the TEC does all that, now with assertion it is not responsible to any other branch of government, especially the judicial.

5. If the court finds the TEC is a legislative, and not executive agency as to the grant of authority to administer and enforce laws pursuant to Tex. Gov't Code § 571.061, the court must also find that Tex. Gov't Code § 571.061, is [a] violation of Article II of the Texas Constitution and the required separation of powers.

[9] In our review of the trial court's decision on the Commission's plea, we make no comment as to the merits of appellants' counterclaim. *See Davis v. Burnam*, 137 S.W.3d 325, 331 (Tex. App.—Austin 2004, no pet.).

_____

Cindy Olson Bourland, Justice

Before Justices Pemberton, Goodwin, and Bourland

Affirmed in Part; Reversed and Remanded in Part

Filed:   August 3, 2018