

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00134-CV

## IN THE INTEREST OF J.R.L., J.A.L., AND J.L.L., CHILDREN

On Appeal from the County Court at Law
Moore County, Texas,
Trial Court No. CL136-21, Honorable Jerod Pingelton, Presiding

March 10, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an appeal from a suit affecting the parent-child relationship.[1]  Following a bench trial, the trial court appointed Mother sole managing conservator and Father possessory conservator to their three children, J.R.L., J.A.L., and J.L.L.[2]  All relief requested by Father was denied.  Appearing pro se on appeal, Father argues through three issues that the trial court erred by failing to dismiss the entire case after he filed a notice of nonsuit.  Finding Father never properly requested a nonsuit and that such a filing

---

[1] *See generally* TEX. FAM. CODE tit. 5.

[2] To protect the privacy of the children, we will refer to the appellant as "Father," the appellee as "Mother," and to the children by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d).

would not have required dismissal of Mother's pending counterpetition, we affirm the final order of the trial court.

## Background

After Mother and Father had three children, the relationship ended in 2011. Father's paternity of the children was established by a Kansas district court in 2012; it also ordered Father pay child and medical support.

In August 2021, Father filed the underlying suit affecting parent-child relationship in Moore County, Texas. He acknowledged in his petition that the children had resided in Texas for more than six months. Father requested an order granting him "full custody," with Mother having "summer visitation" subject to conditions.

In September 2021, Mother filed an original answer that made a general denial. The same day, Mother filed a counterpetition. In relevant part, Mother alleged:

> The appointment of the parents as joint managing conservators would not be in the best interest of the children. It is in the best interest of the children that Counter-Petitioner be appointed sole managing conservator of the children.

Mother alleged Father had a "history or pattern of committing family violence during the relationship prior to the date of filing this suit." Mother requested the court deny Father access to the children or alternatively require supervised visitation. Mother also sought registration in Texas of a Kansas child and medical support order; she requested court-ordered support of J.A.L. for a period of indefinite duration because of a disability.

Final hearing was set for March 7, 2022. Mother and the attorney ad litem for the child appeared. The trial court observed:

> The Court will also note for the record that [Father] was here earlier. He seemed to get frustrated or upset with something and left the courthouse and left [J.A.L.] here at that time.

After presentation of evidence, the trial court signed an order granting Mother sole managing conservatorship of the three children and appointing Father possessory conservator. The order also granted Father supervised visitation of the children and set his child support obligation. Father's requested relief was denied

Analysis

Father articulates three issues on appeal. In issues two and three, he essentially argues the trial court erred by refusing to dismiss the entire suit without prejudice because he took a nonsuit before final hearing. We disagree with Father's position.

It is true that parties have an absolute right to nonsuit their own pending claims at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial. TEX. R. CIV. P. 162; *Villafani v. Trejo,* 251 S.W.3d 466, 468–69 (Tex. 2008); *BHP Petroleum Co., v. Millard,* 800 S.W.2d 838, 840–41 (Tex. 1990) (orig. proceeding). However, the filing of a nonsuit does not affect another party's pending claims for relief. *Villafani,* 251 S.W.3d at 469.

Without any support in the appellate record, Father claims that he filed a notice of nonsuit on February 15, 2022.[3] Mother's testimony suggested agreement that Father

---

[3] Attached to a motion Father filed with this Court in January 2023 is a document entitled "Notice of Nonsuit without Prejudice." The document does not bear the trial court clerk's file stamp, nor was it a part of the appellate record. We also find no support of an oral nonsuit in the reporter's record. We therefore do not consider it for this appeal. *See, e.g., Conner v. Johnson*, No. 07-10-00085-CV, 2011 Tex. App. LEXIS 5589, at *8 (Tex. App.—Amarillo July 21, 2011, no pet.) (mem. op.) (stating rule that in deciding appeal appellate court may not consider documents outside the appellate record).

filed a nonsuit, but the date of filing is unclear. Even if we assumed that Father nonsuited his claims in February, the record makes clear that Mother's counterpetition had been on file for almost five months. Father's nonsuit was not effective for dismissing Mother's claims. *See* TEX. R. CIV. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk."); *Texas Mut. Ins. Co. v. Ledbetter,* 251 S.W.3d 31, 37 (Tex. 2008) ("[p]arties have an absolute right to nonsuit *their own claims*, but not *someone else's* claims they are trying to avoid.") (emphasis in original; footnotes omitted); *Kelsall v. Haisten,* 564 S.W.3d 157, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("A nonsuit by one party to a SAPCR does not extinguish another party's unresolved pending claims for affirmative relief.") (cleaned up). Appellant's second and third issues are overruled.

In his first issue, Father complains that "the trial court erred in excluding and failing to consider critical evidence that was presented to the trial court before trial." To the extent Father's reference here is to the nonsuit, we have already addressed its lack of efficacy for defeating Mother's claims.[4] If the intended reference is to other proffered evidence, Father does not identify any excluded evidence. The Rules of Evidence require that a party complaining of excluded evidence must inform the court of its substance by an offer of proof, unless the substance was apparent from the context. TEX. R. EVID.

---

[4] In his brief Father states, "Because the Trial Court should have considered the evidence (Notice Of Non-Suit Without Prejudice) The Trial Court's decision is so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust, Thus the Trial Court's judgment is not supported by factually sufficient evidence. For this reason the case should be dismissed, whereas J.A.L. should be returned to (Appellant) . . . ."

103(a)(2).  We find that Father did not preserve this issue for appellate review.  TEX. R. APP. P. 33.1(a).

Conclusion

Having overruled all issues on appeal, we affirm the final order of the trial court.


Lawrence M. Doss
Justice