

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00024-CV

———————————————

THE CITY OF ARLINGTON, Appellant

V.

AIRPORT PROPERTIES, INC., Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-372841-25

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Airport Properties, Inc. sued the City of Arlington, and the City—asserting governmental immunity—filed a plea to the jurisdiction. The trial court denied the City's plea to the jurisdiction, and the City filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

However, shortly after the City filed its notice of appeal, Airport Properties moved to nonsuit all of its claims against the City. *See* Tex. R. Civ. P. 162. The trial court granted Airport Properties's motion and dismissed the claims without prejudice.[1] *See id.* Because no claims remain pending in the trial court, Airport Properties moved to dismiss this appeal as moot.[2]

A plaintiff may voluntarily dismiss a case or take a nonsuit at any time before all the plaintiff's evidence other than rebuttal evidence has been introduced. *Id.* A plaintiff has an absolute right to take a nonsuit. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A plaintiff's nonsuit typically moots the entire case or controversy. *See, e.g.*, *Morath v. Lewis*, 601 S.W.3d 785, 788 (Tex. 2020); *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010); *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006).

---

[1]The order memorializes that it "dispose[d] of all claims and parties in this case."

[2]Airport Properties's certificate of conference reflects that the City is unopposed to the motion.

Exceptions exist, however, such as when a defendant has asserted an independent claim for affirmative relief. *Klein*, 315 S.W.3d at 3 (citing *Gen. Land Off. of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990)); *see, e.g.*, *Villafani v. Trejo*, 251 S.W.3d 466, 468–71 (Tex. 2008) (explaining that plaintiff's nonsuit did not render moot trial court's order denying defendant's motion for dismissal with prejudice and attorney's fees under statute); *Felderhoff v. Knauf*, 819 S.W.2d 110, 110–11 (Tex. 1991) (holding that plaintiff's nonsuit did not preclude plaintiff from challenging trial court's order granting defendants' monetary-sanctions motion against him). But neither Airport Properties nor the City has responded that such a claim exists here, and the record reflects none.[3]

We are prohibited from deciding moot controversies because the Texas Constitution's separation-of-powers provision prohibits advisory opinions. *See* Tex. Const. art. II, § 1; *Klein*, 315 S.W.3d at 3; *see also Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 164 (Tex. 2004) ("A judicial decision reached without a case or controversy is an advisory opinion, which is barred by the separation[-]of[-]powers provision of the Texas Constitution."). Here, there is no controversy for us to decide because Airport Properties's nonsuit ended the entire case. When a case becomes moot, the parties lose standing to maintain their claims. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.

---

[3]The trial court's nonsuit order recites that "[the City] has asserted no counterclaims or claims for affirmative relief that remain pending, and no claims remain pending between [Airport Properties] and [the City] in this cause."

2001); *see In re Est. of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at *3 (Tex. App.—Corpus Christi–Edinburg, no pet.) (mem. op.) (explaining that when a plaintiff nonsuits his claims, "there is no longer a case or controversy, and the court of appeals has no jurisdiction over the suit"). Accordingly, we grant Airport Properties's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: March 19, 2026