

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00351-CV

**BRUINGTON ENGINEERING, LTD.**,
Appellant

v.

**PEDERNAL ENERGY, L.L.C.**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7,767
Honorable Jose A. Lopez, Judge Presiding

Opinion by:      Sandee Bryan Marion, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  May 8, 2013

REVERSED; JUDGMENT OF DISMISSAL RENDERED; REMANDED

In the underlying lawsuit, Pedernal Energy L.L.C. sued Bruington Engineering Ltd. and three other entities ("the Schlumberger entities") for damages allegedly caused to an oil well and the surrounding formation. Because Pedernal's lawsuit was for damages arising out of the provision of professional services by a licensed or registered professional, Pedernal was required to file an expert affidavit, known as a certificate of merit, pursuant to Texas Civil Practice and Remedies Code section 150.002. Bruington filed a motion to dismiss, with prejudice, all of Pedernal's claims against it on the grounds that Pedernal failed to timely file its certificate for the

claims alleged against Bruington. The trial court denied the motion, and this interlocutory accelerated appeal ensued. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order."). We conclude the trial court erred in denying Bruington's motion to dismiss. Therefore, we reverse the trial court's order, render a dismissal in favor of Bruington, but we remand to the trial court to allow the trial court to determine whether the dismissal should be with prejudice or without prejudice.

## BACKGROUND

On May 9, 2011, Pedernal filed its Plaintiff's Original Petition against both the Schlumberger entities and Bruington. In its original petition, Pedernal alleged the Schlumberger entities were contracted with to perform a fracturing treatment on a well in Zapata County, Texas, and Bruington was hired to supervise the fracturing job. Allegedly, the Schlumberger entities did not complete the job due to equipment problems, which in turn resulted in damage to the oil well and formation. Allegedly, Bruington failed to report that the fracturing job had not been completed due to equipment failure and failed to report that, as a result of the equipment failure, the oil well and formation were damaged. Pedernal asserted, against the Schlumberger entities and Bruington, claims for breach of contract, negligence, fraud, common law fraud, fraud by nondisclosure, and negligent misrepresentation. In addition to these claims, Pedernal asserted against only Bruington a claim for breach of fiduciary duty. There is no dispute that Pedernal did not file a certificate of merit with the petition. On June 13, 2011 Bruington answered and, two days later, moved to dismiss with prejudice the claims against it because Pedernal did not file the certificate. A hearing on the motion to dismiss was set for August 4, 2011.

However, on July 7, 2011, Pedernal filed a Notice of Nonsuit as to Bruington, and the trial court signed an Order of Nonsuit on August 2, 2011, dismissing without prejudice all of

Pedernal's claims against Bruington. The order stated it was "effective as of July 7, 2011." In its continued suit against the Schlumberger entities, Pedernal filed a designation of experts, naming Alfred Jennings, Jr., a professional engineer, as its only liability expert. Pedernal included with its designation Jennings's affidavit, pursuant to Civil Practice and Remedies Code section 152.002, and preliminary expert report. Although Bruington had been nonsuited, Jennings opined that Bruington "breached the standard of care to perform its work in a good and workmanlike manner, by failing to properly supervise the fracturing job" in several respects. On February 13, 2012, Pedernal filed its first amended petition bringing Bruington back into the lawsuit as a defendant, and asserting the same claims as in its original petition against the Schlumberger entities and Bruington. Pedernal attached Jennings's affidavit to the amended petition. Bruington again filed an answer and another motion to dismiss with prejudice based on Pedernal's failure to comply with section 152.002. The trial court denied Bruington's motion to dismiss, and this interlocutory appeal ensued.

## CERTIFICATE OF MERIT

Texas Civil Practice and Remedies Code section 150.002 requires that "[i]n any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a . . . licensed professional engineer . . . ." TEX. CIV. PRAC. & REM. CODE § 150.002(a). "The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id.*

§ 50.002(b).[1]  A plaintiff's failure to file the affidavit "shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e).  "This dismissal may be with prejudice." *Id.*

We review a trial court's denial of a section 150.002 motion to dismiss for an abuse of discretion.  *Hardy v. Matter*, 350 S.W.3d 329, 331 (Tex. App.—San Antonio 2011, pet. dism'd).  If, as here, resolution of the issue requires us to construe statutory language, we employ a de novo standard of review.  *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *Hardy*, 350 S.W.3d at 331.  We first determine the statute's proper construction under a de novo standard, and then determine if the trial court abused its discretion in applying the statute.  *Hardy*, 350 S.W.3d at 331.

In this appeal, we must decide whether section 150.002 requires a plaintiff to attach the certificate of merit to the plaintiff's first-filed pleading and, if a plaintiff fails to do so, may the plaintiff cure by nonsuiting its claim against a defendant and then later bring the nonsuited defendant back into the suit by filing an amended petition with the certificate attached.  However, we first must address whether Bruington waived its right to appeal the denial of its second section 150.002(e) motion to dismiss because it did not appeal the August 2, 2011 Order of Nonsuit dismissing all of Pedernal's claims against Bruington.

After Bruington filed its first section 150.002(e) motion to dismiss, Pedernal filed a Notice of Nonsuit in which it requested "a non-suit, without prejudice."  On August 2, 2011, the trial court "granted" the nonsuit and dismissed all of Pedernal's claims against Bruington without prejudice.  On appeal, Pedernal contends Bruington waived its right to appeal the underlying

---

[1] Subsection (a)'s contemporaneous filing requirement, "shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a . . . licensed professional engineer . . . could not be prepared." *Id.* § 150.002(c).  "In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit." *Id.*  "The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires." *Id.*  Pedernal does not contend it is entitled to an exception under subsection (c).

order denying its second section 150.002(e) motion to dismiss because Bruington did not file an appeal from the trial court's August 2, 2011 Order of Nonsuit. We disagree.

At any time before a plaintiff has introduced all of its evidence other than rebuttal evidence, "the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162. However, a dismissal "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief . . . ." *Id.* Thus, "[g]ranting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding). Therefore, the question we must answer is whether seeking a dismissal with prejudice under section 150.002(e) is a claim for affirmative relief.

The purpose of section 150.002's certificate-of-merit requirement is to provide a basis for the trial court to conclude whether the plaintiff's claims have merit. *See Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.). A dismissal pursuant to section 150.002(e) is a sanction "to deter meritless claims and bring them quickly to an end." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam) (plaintiff filed certificate of merit with petition but defendant moved for dismissal with prejudice because certificate did not comply; trial court denied motion; plaintiff filed nonsuit while defendant's appeal was pending; appeal survived nonsuit). Based on the reasoning in *CTL/Thompson*, we conclude a section 150.002(e) motion to dismiss with prejudice is a claim for affirmative relief that survives nonsuit because, otherwise, the nonsuit would defeat the purpose of deterring meritless claims. *Id.* at 300–01. Accordingly, we next address whether the trial court's Order of Nonsuit disposed of only Pedernal's Notice of Non-Suit or disposed of all claims between the parties, including Bruington's claim for affirmative relief.

The Order of Nonsuit states, in pertinent part, "the Court having been presented with Plaintiff's Notice of Non-Suit As To Bruington Engineering, Ltd. . . . and after considering same, grants the Plaintiff's request and enters the following orders:" dismissing Pedernal's claims against Bruington "without prejudice." The order did not "unequivocally express an intent to dispose of all claims and all parties; instead, it specifically disposes of only [Pedernal's] claims against [Bruington]." *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (per curiam).[2] Thus, it is clear the trial court was simply carrying out the ministerial, non-discretionary act of granting Pedernal's nonsuit. Because Bruington had already filed a claim for affirmative relief at the time the trial court signed the Order of Nonsuit, "the order of nonsuit did not resolve the pending motion because it did not contain specific language denying or granting relief." *Id.* Therefore, Bruington's claim for affirmative relief—a dismissal with prejudice based on Pedernal's failure to file the statutorily-required certificate of merit—survived Pedernal's nonsuit. *See CTL/Thompson*, 390 S.W.3d at 301; *Villafani v. Trejo*, 251 S.W.3d 466, 471 (Tex. 2008) ("Removing a defendant's ability to appeal a denial of a motion for sanctions after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity."). Accordingly, we conclude Bruington's failure to appeal the August 2, 2011 Order of Nonsuit did not waive its right to appeal the trial court's order denying its second section 150.002(e) motion to dismiss.

We next consider Pedernal's argument that once the Order of Nonsuit was signed on August 2, 2011, the May 9, 2011 original petition became a non-existent pleading as to

---

[2] In *Crites*, the plaintiffs voluntarily nonsuited their claims against the defendant health care provider after failing to serve a medical expert report within the 120–day deadline required by the Medical Liability Insurance Improvement Act (MLIIA). 284 S.W.3d at 840. Before the trial court entered an order of nonsuit, the defendant filed a motion for dismissal with prejudice and for attorney's fees and costs as sanctions for noncompliance with the expert report deadline. *Id.* A month after the trial court signed the order of nonsuit, it issued an order denying the defendant's motion. The court of appeals affirmed, concluding that the filing of a notice of nonsuit precludes consideration of a subsequent motion for statutory sanctions. The Supreme Court held that sanctions authorized under the MLIIA remain available following a voluntary nonsuit filed after the expert deadline. *Id.*

Bruington and it, therefore, complied with section 150.002(a) by filing an amended petition with the certificate of merit. Pedernal contends its February 13, 2012, petition was "amended" only as to the Schlumberger entities but it was the "original" or "first-filed" petition as to Bruington. Therefore, Pedernal concludes it complied with section 150.002(a) because a certificate of merit was attached to the petition that was "original" or "first-filed" as to Bruington. We again disagree.

Pedernal's original petition was the first petition that contained complaints against Bruington; however, Pedernal's amended petition bringing Bruington back into the lawsuit after being nonsuited, alleged the same seven theories of recovery against Bruington as alleged in the original petition: breach of contract, negligence, fraud, common law fraud, fraud by nondisclosure, negligent misrepresentation, and breach of fiduciary duty. Chapter 150 applies to "*any action* . . . for damages arising out of the *provision of professional services* by a licensed or registered professional . . . ." TEX. CIV. PRAC. & REM. CODE § 150.002(a) (emphasis added). In this case, Bruington was under contract as the project engineer. The Texas Occupations Code defines the practice of professional engineers as "the performance of . . . any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." TEX. OCC. CODE ANN. § 1001.003(b) (West 2012). The "practice of engineering" includes, among other services, "consultation, investigation, evaluation, analysis, planning, engineering for program management, providing an expert engineering opinion or testimony, engineering for testing or evaluating materials for construction or other engineering use, and mapping;" and "a service, design, analysis, or other work performed for a public or private entity in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or

consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature." *Id.* § 1001.003(c) (1), (10).

In its amended petition, Pedernal alleged as follows:[3]

1. Bruington was contracted with to be the project engineer, provide advice regarding well completion, and supervise the fracturing job to be performed by the Schlumberger entities.

2. Bruington failed to report that the Schlumberger entities had failed to complete the fracturing job allegedly due to equipment failure. Bruington also failed to report that as a result of the equipment failure the formation to be fractured was damaged.

3. Bruington failed to perform its work in a good and workmanlike manner and failed to comply with its obligations.

4. Bruington breached the contract by failing to properly advise and supervise the fracturing job.

5. Bruington breached its legal duty and fiduciary duty to properly advise and supervise the fracturing job in a good and workmanlike manner. Bruington also breached the standard of care to perform its work in a good and workmanlike manner.

6. Bruington committed fraud, common law fraud, and fraud by nondisclosure by failing to report that the fracturing job had not been completed.

At no time has Pedernal argued that any of these allegations do not implicate a professional engineer's education, training, and experience in applying special knowledge or judgment. Instead, Pedernal has taken the position that Jennings's affidavit sets forth the factual basis and the acts or omissions attributable to Bruington and the affidavit applies to all of the causes of action set forth in Pedernal's petition. We conclude, under these circumstances and on the record before this court, that all of Pedernal's allegations arise out of the provision of professional services by Bruington and are within the scope of Chapter 150.[4] Therefore,

---

[3] Pedernal raised similar factual allegations in its original petition.

[4] *But see Gomez*, wherein a panel of this court concluded that tortious interference with a contract, conspiracy, breach of contract, wrongful termination, breach of fiduciary duty, breach of loyalty, and breach of good faith and fair dealing do not implicate a professional engineer's education, training, and experience in applying special knowledge or judgment. 2007 WL 2846419, *3. This case was decided under a prior version of section 150.002 that applied only to negligence causes of action. Therefore, the *Gomez* court was required to determine whether any of plaintiff's claims were non-negligence because those claims would not require a certificate of merit. *Id.* The version of section 150.002 applicable here applies to "any action," and Pedernal does not dispute that its claims

Pedernal was required to file a certificate of merit with its May 9, 2011 original petition. Accordingly, we next consider whether Pedernal's failure to file a certificate of merit with its original petition precludes Pedernal from nonsuiting Bruington and then bringing the same Chapter 150 claims against Bruington in an amended petition that now includes the statutorily-required certificate of merit.

The Houston courts of appeals have held that section 150.002(a) requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a claim for damages arising out of the provision of professional services by a licensed or registered professional. *See Pakal Enter., Inc. v. Lesak Enter. LLC*, 369 S.W.3d 224, 228 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 751–52 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also Epco Holdings, Inc. v. Chicago Bridge and Iron Co.*, 352 S.W.3d 265, 270 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd) (discussing when "allegation" of time constraint must be made under section 150.002(c) and citing favorably to *Sharp*, noting that "generally . . . a plaintiff [is required] to file a certificate of merit contemporaneously with the plaintiff's first-filed petition against a licensed design professional.").

In *Sharp*, the appellees did not file a certificate of merit with their original petition, and Sharp filed a motion to dismiss on March 23, 2009. 321 S.W.3d at 749. Appellees filed a certificate of merit contemporaneously with their first amended original petition on April 13, 2009. *Id.* at 750. Sharp then filed an amended motion to dismiss, which was denied. On appeal, Sharp argued the trial court erred in denying the motion to dismiss because the appellees did not initially satisfy section 150.002(a)'s requirement to file a certificate of merit. The appellees asserted section 150.002(a) did not limit them to filing a certificate of merit with their original

against Bruington implicate a professional engineer's education, training, and experience in applying special knowledge or judgment.

petition, but instead, required only that they file a certificate of merit with a "complaint" and they did so when they included a certificate with their first amended petition. *Id.* at 751.

The court of appeals concluded that the appellees' interpretation could not prevail because it would render [current section 150.002(c)] meaningless. *Id.* Section 150.002(c) provides that a plaintiff asserting a claim against a professional can obtain an extension of time to file a certificate of merit if (1) the statute of limitations will expire within ten days of the filing of suit; and (2) this time constraint precludes preparation of the necessary certificate for filing with the suit. TEX. CIV. PRAC. & REM. CODE § 150.002(c). The *Sharp* court held that, "[i]f the absence of the section 150.002(a) certificate could be cured by attaching it to an amended complaint asserting the same negligence claim against the same professional, then [current section 150.002(c)] would serve no purpose." *Sharp*, 321 S.W.3d at 751.

In *Pakal*, Pakal sued Lesak Enterprises LLC d/b/a Pro Surv and Toby P. Couchman, but the petition named "Pro–Surv, Inc. dba Pro-Surv Surveying Company" and Couchman as defendants. Lesak Enterprises was not named in the original petition, and the original petition was never served on either Pro–Surv Inc. or on Lesak. 369 S.W.3d at 226. Couchman was served on March 11, 2009. On June 1, 2009, Pakal amended its petition, naming "Lesak Enterprises, LLC dba Pro-Surv" instead of "Pro-Surv, Inc. dba Pro-Surv Surveying Company" as a defendant. This petition asserted for the first time that Pakal "did not obtain an affidavit from a professional surveyor for the purposes of supporting the acts of negligence alleged herein because the applicable statute of limitation may expire within ten days of the filing of this petition." Again, this amended petition was not served on Lesak. On June 3, 2009, Lesak and Couchman filed a motion to dismiss for failure to file a certificate of merit. On June 19, 2009, Pakal filed a second amended petition, and, for the first time, included a certificate of merit. On August 21, 2009, the trial court conducted a hearing on Lesak and Couchman's motion to

dismiss, and Pakal moved to extend the deadline to file the certificate of merit. On August 27, 2009, Lesak was served for the first time with a petition, which was the second amended petition. On September 2, 2009, the trial court granted the motion to dismiss. *Id.*

On appeal, Pakal argued it did not file suit against Lesak until June 1, 2009—the date it filed its first amended petition changing the named defendant from "Pro-Surv, Inc. dba Pro-Surv Surveying Company" to "Lesak Enterprises, LLC dba Pro-Surv." *Id.* at 228. Lesak, however, argued that the first petition alleging causes of action for damages arising out of professional services by a licensed or registered professional was the original petition filed on March 6, 2009. *Id.* The court of appeals agreed with Lesak because the original petition was a suit filed against a professional land surveyor, Couchman, and the company for which he worked, identified in the petition as "Pro-Surv," the name under which Lesak had been doing business. *Id.* This petition alleged causes of action for damages arising out of Couchman's and Lesak's provision of services as registered professional land surveyors, including allegations that Couchman's inaccurate survey formed the basis of causes of action for negligence, negligent misrepresentation, violations of the DTPA, and breach of contract.

Pakal also argued the trial court erred in granting the motion to dismiss because the certificate of merit was attached contemporaneously to the only complaint *served* on Lesak, which was the second amended petition. The appellate court held that "the statute does not make any requirements regarding what is served on a particular party. The defendant's right to a dismissal is triggered by the plaintiff's failure to file with the trial court a certificate of merit contemporaneously with the complaint or petition." *Id.* at 231. Because Pakal failed to file its certificate of merit in accordance with section 150.002(a), the court of appeals concluded the trial court did not abuse its discretion in dismissing Pakal's suit.

We conclude the same reasoning applies to the circumstances presented here. The plaintiffs in *Pakal* and *Sharp* attempted to circumvent the requirement of section 150.002(a) by attaching the certificate to an amended petition and then arguing either that section 150.002(a) did not require the certificate to be attached to the first-filed pleading or that the certificate could be filed with the first-*served* pleading. Here, Pedernal attempts to circumvent the first-filed pleading requirement by nonsuiting a professional defendant, bringing the same defendant back into the suit with an amended petition that alleges the same complaints as in the original petition, and then attaching the certificate to the amended pleading. But, the only exception to section 150.002(a)'s contemporaneous filing requirement is when the period of limitations will expire within ten days of filing and there are time constraints. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(c). By its plain language, the statute permits no other exceptions. *See Landreth*, 285 S.W.3d at 499 (discussing whether an amended or supplemental affidavit may be filed to cure deficiencies in the affidavit filed with the first pleading and concluding section 150.002(a) does not, by its plain language, allow for such an amendment and the trial court is required to look only to the initial affidavit; holding, "Amended and supplemental affidavits are not contemplated by the plain wording of the statute. Had the legislature desired to give a design professional an opportunity to correct the affidavit, it could have provided it in the same manner it did in the medical malpractice statute."). Instead, the statute permits dismissal without prejudice. TEX. CIV. PRAC. & REM. CODE § 150.002(e).

We also note that the Texas Supreme Court looks with disfavor on nonsuits that are filed to circumvent legal restrictions or unfavorable rulings. *See, e.g., In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding) (holding that once a venue determination has been made, that determination is conclusive as to those parties and claims, and because venue is then fixed in any suit involving same parties and claims, it cannot be overcome by a nonsuit and

subsequent refiling in another county); *In re Bennett*, 960 S.W.2d 35, 36 (Tex. 1997) (orig. proceeding) (holding that neither filing of nonsuit nor subsequent removal of case to federal court deprived state court of jurisdiction to consider, sua sponte, whether sanctions should be imposed on attorneys for pre-removal conduct when sanctions are unrelated to the merits of the removed case); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854-55 (Tex. 1995) (holding that once trial court announces decision on motion for partial summary judgment, that claim is no longer subject to plaintiff's right to nonsuit). Here, section 150.002 requires a plaintiff to file a certificate of merit with its first-filed complaint. If a plaintiff fails to do so, the trial court has no discretion but to dismiss the claims, although the court may dismiss without prejudice. A plaintiff who does not timely file the certificate of merit should not be allowed to circumvent the unfavorable ruling of a dismissal by nonsuiting and then filling an amended complaint with the appropriate certificate. *See Villafani*, 251 S.W.3d at 470 (claimant should not be allowed to nonsuit a meritless claim and later re-file the claim with impunity).

## CONCLUSION

We conclude the trial court erred by not dismissing Pedernal's claims against Bruington; therefore, we reverse the order denying Bruington's motion to dismiss and render judgment that Pedernal's claims against Bruington are dismissed. Because a plaintiff's failure to timely file a certificate of merit may be with prejudice, we remand the cause to the trial court for a determination of whether the dismissal of Pedernal's claims should be with or without prejudice.

Sandee Bryan Marion, Justice