Dissenting Opinion by:
MARIALYN BARNARD, Justice.
I must dissent to the decision to deny Pedernal Energy, LLC’s motion for en banc reconsideration because contrary to the holding in the panel opinion, it was within the trial court’s discretion to dismiss the complaint without prejudice based on the plain language of the statute. In other words, the plain language of section 150.002(e) does not mandate a dismissal with prejudice. The panel opinion distorts the plain meaning of section 150.002(e) in this case, stepping into the shoes of the Texas Legislature and rewriting the statute. Accordingly, I dissent because I believe the Legislature meant what it wrote when it gave the trial court discretion to dismiss with or without prejudice, particularly when one considers the purpose of section 150.002.
As noted in the panel opinion, this case was previously before this court. See Bruington Eng’g, Ltd. v. Pedernal Energy, L.L.C., 403 S.W.3d 523 (Tex.App.-San Antonio 2013, no pet.) (Bruington I). The issue before the court in Bmington I was whether the trial court abused its discretion by denying a section 150.002 motion to dismiss. Id. at 527. This court held the trial court erred by not dismissing Peder-nal’s claims against Bruington in accordance with section 150.002(e). Id. at 532. Accordingly, we reversed the trial court’s denial of the motion to dismiss, rendering a judgment of dismissal, but we remanded the matter back to the trial court for it to determine whether the case should be dismissed with or without prejudice pursuant to the second sentence of section 150.002(e). Id. On remand, the only issue for the trial court to determine was whether the dismissal should be with or without prejudice. Id. Remand was necessary because section 150.002(e) clearly leaves *191 the determination of whether the dismissal is with or without prejudice to the trial court, i.e., “This dismissal may be with prejudice.” Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e) (West 2011) (emphasis added). If the panel believed the statute mandated dismissal with prejudice, there was no need for a remand in the first instance. This is one of the things that confounds me with regard to the panel’s decision in the current appeal. See Bruington Eng’g, Ltd. v. Pedernal Energy, L.L.C., No. 04-13-00558, 456 S.W.3d 181, 2014 WL 4211024 (Tex.App.-San Antonio Aug. 27, 2014, no pet. h.) (Bruington II).
The panel in Bruington II discounts this discretionary portion of the statute, deciding sua sponte that the Legislature did not intend to imbue the trial court with the discretion to determine whether the dismissal should be with or without prejudice when the language is considered in the full context of section 150.002. Id. at 189-90, 2014 WL 4211024, at *7. I wholly disagree with the majority’s reasoning and embrace the plain meaning of the statute, as did our sister court in Dallas, which held:
Under section 150.002(e), a trial court is required to dismiss a complaint if the plaintiff does not file a certificate of merit in compliance with the statute. Tex.Civ. Prac.& Rem. Code Ann. § 150.002(e) (West 2011). Because the statute states the dismissal “may” be with prejudice, it expressly does not require a dismissal with prejudice. Id. Consequently, the trial court has discretion to determine whether a dismissal should be with or without prejudice. CTL/Thompson Tex., L.L.C. v. Starwood Homeowner’s Ass’n, Inc., 390 S.W.3d 299, 301 (Tex.2013) (per curiam). In exercising this discretion, a trial court cannot act “in an arbitrary or unreasonable manner,” and should consider the “broader purposes” of the statute. Id.
Those purposes are to deter and end meritless claims quickly. Id.
[[Image here]]
Finally, we agree with TIC that the statutory provision giving trial courts discretion to dismiss without prejudice reflects the legislature’s intent to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute. See Landreth v. Las Brisas Council of Co-Owners, Inc., 285 S.W.3d 492, 495 n. 2 (Tex.App.-Corpus Christi 2009, no pet.) (rather than allow for amendment, the statute permits dismissal without prejudice).
TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc., No. 05-13-01021-CV, — S.W.3d —, —, 2014 WL 4724706, at *3-4 (Tex.App.-Dallas Sept. 24, 2014, pets, filed) (emphasis added).
After Bruington I was remanded to the trial court “for a determination of whether the dismissal of Pedernal’s claims should be with or without prejudice,” Bruington Eng’g, 403 S.W.3d at 532, the trial court was entitled to consider all facts as to why Pedernal failed to file the expert affidavit with the original petition. I can envision numerous reasons that the affidavit might not be filed with the original petition— reasons that do not render the plaintiffs suit non-meritorious. Two examples include negligence by the plaintiffs attorney or the attorney’s staff, or negligence by the courier service delivering the petition for filing. Neither of these reasons would justify a dismissal with prejudice given the purpose of section 150.002 is to reduce the costs of litigation by quickly disposing of non-meritorious lawsuits. Hence, the Legislature’s decision to allow the trial court discretion with regard to dismissing with or without prejudice is completely in line with the ultimate purpose of the statute. If the suit has merit, the technical failure *192 to include the affidavit with the first petition should not mandate that a plaintiff lose his or her day in court. Under the panel’s interpretation of “may” in Bruing-ton II, this is exactly what may occur— meritorious suits dismissed with prejudice on mere technical grounds — in fact all suits dismissed with prejudice, rendering the second sentence of section 150.002(e) utterly meaningless. If the panel is correct, there was no need for the Legislature to include the second sentence of section 150.002(e). Rather, the Legislature could have simply mandated, “The plaintiffs failure to file the affidavit in accordance with the section shall result in dismissal of the complaints against the defendant with prejudice.” Yet, the Legislature specifically chose to allow the trial court to make the decision with regard to the type of dismissal it should render.
The panel opinion not only misinterprets the second part of section 150.002(e), turning “may” into “shall,” but eliminates entirely any possibility of a dismissal without prejudice, thereby negating language implicitly included in the statute by the Legislature. I believe the Legislature fully intended to permit the trial court to take into account any circumstances as to why the required affidavit was not filed with the original petition. The plain meaning of the language fulfills the Legislature’s obvious intent, and we should not, as courts interpreting the actions of the Legislature, nullify that intent, thereby inserting ourselves into the legislative process. Accordingly, I dissent.
Dissenting Opinion by:
REBECA C. MARTINEZ, Justice.
For the reasons discussed below, I respectfully dissent to the majority’s denial of Pedernal Energy, L.L.C.’s motion for reconsideration en banc.
The majority recognizes the narrow issue of whether the failure to file a section 150.002(a) affidavit, contemporaneously with the original complaint, requires a dismissal with or without prejudice pursuant to section 150.002(e) of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (e) (West 2011); Bruington Eng’g, Ltd. v. Pedernal Energy, L.L.C., No. 04-13-00558-CV, 456 S.W.3d 181, 183-84, 2014 WL 4211024, at *1 (Tex.App.-San Antonio Aug. 27, 2014, no pet. h.) (“Bruington II ”). However, although the statute and precedent is clear, the majority would remove any discretion inherent in the trial court to sanction a plaintiff against refiling, except where a plaintiff first sues a licensed professional within ten days of limitations expiring. To so hold abrogates the intended effect to give meaning to every provision of the statute, and eliminates the discretion clearly conveyed by the legislature’s use of the word “may” and the inclusion of subsections (c), (d) and (g). Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c), (d), (g) (West 2011). For the foregoing reasons, the majority’s decision exceeds the parameters of our authority.
We review the trial court’s dismissal sanction under section 150.002(e) for an abuse of discretion. Bruington Eng’g, Ltd. v. Pedernal Energy, L.L.C., 403 S.W.3d 523, 527 (Tex.App.-San Antonio 2013, no pet.) (“Bruington I ”). In previously remanding this case appropriately to the trial court for a determination of whether such dismissal should be with or without prejudice to refiling, we cannot now hold as a matter of law that a trial court can reach only one decision — to dismiss with prejudice. Id. at 532. A separate majority now exceeds the proper scope of review in declaring that the legislature in fact intended a death penalty sanction under section 150.002, except for first-filed suits initiated less than ten days *193 of when the suit becomes time-barred. This conclusion effectively renders the majority of section 150.002’s provisions meaningless. The majority’s expansion of the dismissal sanction to preclude a plaintiff from filing a meritorious suit during the limitations period contradicts the clear language of the statute.
It is not within our purview as an intermediate appellate court to construe a statute as a means to prevent a scenario which might allow a plaintiff “to circumvent the first-filed pleading requirement,” particularly where this objective is neither stated in nor implied from the clear language of the statute. We must presume that the legislature intended the entire statute to be effective. See Tex. Gov’t Code Ann. § 311.021 (West 2013). “‘[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible.’ ” Tex. Workers’ Comp. Ins. Fund v. Del Indus., Inc., 35 S.W.3d 591, 593 (Tex.2000) (quoting Perkins v. State, 367 S.W.2d 140, 146 (Tex.1963)). Courts should not adopt a construction that renders statutory provisions meaningless. Fleming Foods of Tex., Inc. v. Rylander, 6 S.W.3d 278, 284 (Tex.1999).
In Bruington I, we recognized that “[a] dismissal pursuant to section 150.002(e) is a sanction ‘to deter meritless claims and bring them quickly to an end.’ ” Bruington I, 403 S.W.3d at 527 (quoting CTL/Thompson Tex., LLC v. Starwood Homeowner’s Ass’n, Inc., 390 S.W.3d 299, 301 (Tex.2013) (per curiam)). An appeal from the trial court’s refusal to dismiss an action under 150.002(e) is not mooted by the plaintiffs nonsuit. CTL/Thompson, 390 S.W.3d at 301. By analogy, the Supreme Court noted that in a health care liability claim where the plaintiffs expert reports did not satisfy statutory requirements, a dismissal with prejudice and attorney’s fees were sanctions mandated by the statute, the purpose of which is to deter claimants from filing meritless suits. Id. at 300 (citing Villafani v. Trejo, 251 S.W.3d 466, 467 (Tex.2008)). In comparison, a section 150.002(e), dismissal is a sanction with the same purpose (to deter meritless claims and bring them quickly to an end) that specifically authorizes the trial court, in its discretion, to dismiss with prejudice, particularly once limitations has tolled or when it reasonably believes the sanction is appropriate. Id. at 301 (citing Samlowski v. Wooten, 332 S.W.3d 404, 410 (Tex.2011)). The Supreme Court recognized that section 150.002(e) “ ‘provides no particular guidance on how the court should exercise its discretion’ in deciding whether to dismiss an action with prejudice rather than without. Therefore, ‘[gjuidance must come instead from the broader purposes’ of the statute.” Id. (quoting Samlowski, 332 S.W.3d at 410) (internal citation omitted).
Our sister court in Houston determined that section 150.002 focuses on the requirement that a plaintiff file a certificate of merit with the first-filed original complaint that asserts a negligence claim against a professional, not simply the original suit first filed by a plaintiff at any given time within the limitations period minus ten days. Sharp Eng’g v. Luis, 321 S.W.3d 748, 751 (Tex.App.-Houston [14th Dist.] 2010, no pet.). In Sharp, the court determined it was an abuse of discretion to deny a motion to dismiss where the certificate of merit was attached to a second amended complaint, where the allegations of negligence were first raised in the original complaint. Id. at 751-52., In rejecting the appellees’ contention that the absence of “first-filed” before the phrase “the complaint” in section 150.002(a) does not prohibit a plaintiff from attaching the re *194 quired certifícate to an amended pleading, the court determined that the absence of this restrictive phrase comports with the statute’s remaining provisions, including section 150.002(c) (providing a plaintiff an extension of time to obtain a certificate of merit when time constraints preclude its preparation for filing with the suit). Id. at 751. It follows, then, that section 150.002(d)’s extension of time to file an answer to the complaint and affidavit until the filing of such affidavit is less inconsequential. Section 150.002(g) is further a necessary corollary of subsections (c) and (d). The majority’s focus on the word “complaint” within section 150.002(a), as was the appellee’s in Sharp, renders these other provisions meaningless.
Similarly, in Pakal, the plaintiff sought an extension to supplement its pleadings under section 150.002(c), arguing that the certificate could be filed with the first-served pleading. Pakal Enterprises, Inc. v. Lesak Enterprises LLC, 369 S.W.3d 224, 228-29 (Tex.App.-Houston [1st Dist.] 2011, pet. denied) (holding first-filed complaint, for purposes of certificate of merit requirement, was plaintiffs initial petition and plaintiff was not entitled to extension). The panel of this court in Bruington I previously agreed with our sister court, concluding that the plain language of the statute does not contemplate amended and supplemental affidavits to avoid a dismissal sanction, other than the exception to subsection (a)’s contemporaneous filing requirement contained in section 150.002(c). Bruington I, 403 S.W.3d at 531 (citing Landreth v. Las Brisas Council of Co-Owners, Inc., 285 S.W.3d 492, 499 (Tex.App.-Corpus Christi-Edinburg 2009, no pet.)). “Instead, the statute permits dismissal without prejudice.” Id. at 532. In the present appeal, after having permitted the trial court to determine the appropriate sanction, the majority now construes the statute to have intended a death penalty sanction by summarily concluding, “[a] failure to file a section 150.002(a) affidavit contemporaneously with the first-filed petition mandates dismissal with prejudice pursuant to 150.002(e).” Bruington II, 456 S.W.3d at 189, 2014 WL 4211024, at *7. Ignoring the statute’s clear and unambiguous language, the majority simply concludes that a death penalty sanction was clearly intended by the legislature. Such a conclusion renders portions of the statute meaningless. I therefore dissent.