

# Fourth Court of Appeals
### San Antonio, Texas

## DISSENTING OPINION

No. 04-13-00558-CV

**BRUINGTON ENGINEERING, LTD.**,
Appellant

v.

**PEDERNAL ENERGY, L.L.C.**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7,767
Honorable Jose A. Lopez, Judge Presiding

## OPINION DISSENTING FROM ORDER DENYING RECONSIDERATION EN BANC

Dissenting Opinion by:  Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
                   Karen Angelini, Justice
                   Marialyn Barnard, Justice, dissenting by separate opinion to order denying reconsideration en banc
                   Rebecca C. Martinez, Justice
                   Patricia O. Alvarez, Justice
                   Luz Elena D. Chapa, Justice, dissenting without opinion to order denying reconsideration en banc

Delivered and Filed:  January 28, 2015

For the reasons discussed below, I respectfully dissent to the majority's denial of Pedernal

Energy, L.L.C.'s motion for reconsideration en banc.

The majority recognizes the narrow issue of whether the failure to file a section 150.002(a)

affidavit, contemporaneously *with the original complaint*, requires a dismissal with or without

prejudice pursuant to section 150.002(e) of the Texas Civil Practice and Remedies Code.  TEX.

CIV. PRAC. & REM. CODE ANN. § 150.002(a), (e) (West 2011); *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, No. 04-13-00558-CV, 2014 WL 4211024, at *1 (Tex. App.—San Antonio Aug. 27, 2014, no pet. h.) ("*Bruington II*"). However, although the statute and precedent is clear, the majority would remove any discretion inherent in the trial court to sanction a plaintiff against refiling, except where a plaintiff first sues a licensed professional within ten days of limitations expiring. To so hold abrogates the intended effect to give meaning to every provision of the statute, and eliminates the discretion clearly conveyed by the legislature's use of the word "may" and the inclusion of subsections (c), (d) and (g). TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c), (d), (g) (West 2011). For the foregoing reasons, the majority's decision exceeds the parameters of our authority.

We review the trial court's dismissal sanction under section 150.002(e) for an abuse of discretion. *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523, 527 (Tex. App.—San Antonio 2013, no pet.) ("*Bruington I*"). In previously remanding this case appropriately to the trial court for a determination of whether such dismissal should be with or without prejudice to refiling, we cannot now hold as a matter of law that a trial court can reach only one decision— to dismiss with prejudice. *Id.* at 532. A separate majority now exceeds the proper scope of review in declaring that the legislature in fact intended a death penalty sanction under section 150.002, except for *first-filed* suits initiated less than ten days of when the suit becomes time-barred. This conclusion effectively renders the majority of section 150.002's provisions meaningless. The majority's expansion of the dismissal sanction to preclude a plaintiff from filing a meritorious suit during the limitations period contradicts the clear language of the statute.

It is not within our purview as an intermediate appellate court to construe a statute as a means to prevent a scenario which might allow a plaintiff "to circumvent the first-filed pleading

requirement," particularly where this objective is neither stated in nor implied from the clear language of the statute.  We must presume that the legislature intended the entire statute to be effective.  *See* TEX. GOV'T CODE ANN. § 311.021 (West 2013).  "'[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible.'"  *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) (quoting *Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963)).  Courts should not adopt a construction that renders statutory provisions meaningless.  *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

In *Bruington I*, we recognized that "[a] dismissal pursuant to section 150.002(e) is a sanction 'to deter meritless claims and bring them quickly to an end.'"  *Bruington I*, 403 S.W.3d at 527 (quoting *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curium)).  An appeal from the trial court's refusal to dismiss an action under 150.002(e) is not mooted by the plaintiff's nonsuit.  *CTL/Thompson*, 390 S.W.3d at 301.  By analogy, the Supreme Court noted that in a health care liability claim where the plaintiff's expert reports did not satisfy statutory requirements, a dismissal with prejudice and attorney's fees were sanctions mandated by the statute, the purpose of which is to deter claimants from filing meritless suits.  *Id.* at 300 (citing *Villafani v. Trejo*, 251 S.W.3d 466, 467 (Tex. 2008)).  In comparison, a section 150.002(e) dismissal is a sanction with the same purpose (to deter meritless claims and bring them quickly to an end) that specifically authorizes the trial court, in its discretion, to dismiss with prejudice, particularly once limitations has tolled or when it reasonably believes the sanction is appropriate.  *Id.* at 301 (citing *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)).  The Supreme Court recognized that section 150.002(e) "'provides no particular guidance on how the

court should exercise its discretion' in deciding whether to dismiss an action with prejudice rather than without. Therefore, '[g]uidance must come instead from the broader purposes' of the statute." *Id.* (quoting *Samlowski*, 332 S.W.3d at 410) (internal citation omitted).

Our sister court in Houston determined that section 150.002 focuses on the requirement that a plaintiff file a certificate of merit with the first-filed original complaint that asserts a negligence claim against a professional, not simply the original suit first filed by a plaintiff at any given time within the limitations period minus ten days. *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In *Sharp*, the court determined it was an abuse of discretion to deny a motion to dismiss where the certificate of merit was attached to a second amended complaint, where the allegations of negligence were first raised in the original complaint. *Id.* at 751-52. In rejecting the appellees' contention that the absence of "first-filed" before the phrase "the complaint" in section 150.002(a) does not prohibit a plaintiff from attaching the required certificate to an amended pleading, the court determined that the absence of this restrictive phrase comports with the statute's remaining provisions, including section 150.002(c) (providing a plaintiff an extension of time to obtain a certificate of merit when time constraints preclude its preparation for filing with the suit). *Id.* at 751. It follows, then, that section 150.002(d)'s extension of time to file an answer to the complaint *and affidavit* until the filing of such affidavit is less inconsequential. Section 150.002(g) is further a necessary corollary of subsections (c) and (d). The majority's focus on the word "complaint" within section 150.002(a), as was the appellee's in *Sharp*, renders these other provisions meaningless.

Similarly, in *Pakal*, the plaintiff sought an extension to supplement its pleadings under section 150.002(c), arguing that the certificate could be filed with the first-*served* pleading. *Pakal Enterprises, Inc. v. Lesak Enterprises LLC*, 369 S.W.3d 224, 228-29 (Tex. App.—Houston [1st

Dist.] 2011, pet. denied) (holding first-filed complaint, for purposes of certificate of merit requirement, was plaintiff's initial petition and plaintiff was not entitled to extension). The panel of this court in *Bruington I* previously agreed with our sister court, concluding that the plain language of the statute does not contemplate amended and supplemental affidavits to avoid a dismissal sanction, other than the exception to subsection (a)'s contemporaneous filing requirement contained in section 150.002(c). *Bruington I*, 403 S.W.3d at 531 (*citing Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 499 (Tex. App.—Corpus Christi-Edinburg 2009, no pet.)). "Instead, the statute permits dismissal without prejudice." *Id*. at 532. In the present appeal, after having permitted the trial court to determine the appropriate sanction, the majority now construes the statute to have intended a death penalty sanction by summarily concluding, "[a] failure to file a section 150.002(a) affidavit contemporaneously with the first-filed petition mandates dismissal with prejudice pursuant to 150.002(e)." *Bruington II*, 2014 WL 4211024, at *7. Ignoring the statute's clear and unambiguous language, the majority simply concludes that a death penalty sanction was clearly intended by the legislature. Such a conclusion renders portions of the statute meaningless. I therefore dissent.

Rebeca C. Martinez, Justice