

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-13-00558-CV

**BRUINGTON ENGINEERING, LTD.**,
Appellant

v.

**PEDERNAL ENERGY, L.L.C.**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7,767
Honorable Jose A. Lopez, Judge Presiding

**OPINION DISSENTING FROM ORDER DENYING RECONSIDERATION EN BANC**

Dissenting Opinion by:  Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice, dissenting by separate opinion to order denying reconsideration en banc
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice, dissenting without opinion to order denying reconsideration en banc

Delivered and Filed:  January 28, 2015

I must dissent to the decision to deny Pedernal Energy, LLC's motion for en banc reconsideration because contrary to the holding in the panel opinion, it *was* within the trial court's discretion to dismiss the complaint without prejudice based on the plain language of the statute. In other words, the plain language of section 150.002(e) does not mandate a dismissal with prejudice.  The panel opinion distorts the plain meaning of section 150.002(e) in this case, stepping

into the shoes of the Texas Legislature and rewriting the statute. Accordingly, I dissent because I believe the Legislature meant what it wrote when it gave the trial court discretion to dismiss with or without prejudice, particularly when one considers the purpose of section 150.002.

As noted in the panel opinion, this case was previously before this court. *See Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.,* 403 S.W.3d 523 (Tex. App.—San Antonio 2013, no pet.) (*Bruington I*). The issue before the court in *Bruington I* was whether the trial court abused its discretion by denying a section 150.002 motion to dismiss. *Id.* at 527. This court held the trial court erred by not dismissing Pedernal's claims against Bruington in accordance with section 150.002(e). *Id.* at 532. Accordingly, we reversed the trial court's denial of the motion to dismiss, rendering a judgment of dismissal, but we remanded the matter back to the trial court for it to determine whether the case should be dismissed with or without prejudice pursuant to the second sentence of section 150.002(e). *Id.* On remand, the only issue for the trial court to determine was whether the dismissal should be with or without prejudice. *Id.* Remand was necessary because section 150.002(e) clearly leaves the determination of whether the dismissal is with or without prejudice to the trial court, i.e., "This dismissal *may* be with prejudice." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (West 2011) (emphasis added). If the panel believed the statute mandated dismissal with prejudice, there was no need for a remand in the first instance. This is one of the things that confounds me with regard to the panel's decision in the current appeal. *See Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, No. 04-13-00558, 2014 WL 4211024 (Tex. App.—San Antonio Aug. 27, 2014, no pet. h.) (*Bruington II*).

The panel in *Bruington II* discounts this discretionary portion of the statute, deciding sua sponte that the Legislature did not intend to imbue the trial court with the discretion to determine whether the dismissal should be with or without prejudice when the language is considered in the

full context of section 150.002.  *Id.* at *7.  I wholly disagree with the majority's reasoning and embrace the plain meaning of the statute, as did our sister court in Dallas, which held:

> Under section 150.002(e), a trial court is required to dismiss a complaint if the plaintiff does not file a certificate of merit in compliance with the statute.  TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (West 2011).  Because the statute states the dismissal "may" be with prejudice, it ***expressly does not require a dismissal with prejudice***.  *Id.*  Consequently, the ***trial court has discretion to determine whether a dismissal should be with or without prejudice***.  *CTL/Thompson Tex., L.L.C. v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam).  In exercising this discretion, a trial court cannot act 'in an arbitrary or unreasonable manner," and should consider the "broader purposes" of the statute*.  Id*.  Those purposes are to deter and end meritless claims quickly.  *Id.*
>
> *        *        *
>
> Finally, we agree with TIC that the statutory provision giving trial courts discretion to dismiss without prejudice ***reflects the legislature's intent*** to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute.  *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 495 n.2 (Tex. App.—Corpus Christi 2009, no pet.) (rather than allow for amendment, the statute permits dismissal without prejudice).

*TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, No. 05-13-01021-CV, 2014 WL 4724706, at *3-4 (Tex. App.—Dallas Sept. 24, 2014, pets. filed) (emphasis added).

After *Bruington I* was remanded to the trial court "for a determination of whether the dismissal of Pedernal's claims should be with or without prejudice," *Bruington Eng'g*, 403 S.W.3d at 532, the trial court was entitled to consider all facts as to why Pedernal failed to file the expert affidavit with the original petition.  I can envision numerous reasons that the affidavit might not be filed with the original petition — reasons that do not render the plaintiff's suit non-meritorious.  Two examples include negligence by the plaintiff's attorney or the attorney's staff, or negligence by the courier service delivering the petition for filing.  Neither of these reasons would justify a dismissal with prejudice given the purpose of section 150.002 is to reduce the costs of litigation by quickly disposing of non-meritorious lawsuits.  Hence, the Legislature's decision to allow the trial court discretion with regard to dismissing with or without prejudice is completely in line with

the ultimate purpose of the statute. If the suit has merit, the technical failure to include the affidavit with the first petition should not mandate that a plaintiff lose his or her day in court. Under the panel's interpretation of "may" in *Bruington II*, this is exactly what may occur — meritorious suits dismissed with prejudice on mere technical grounds — in fact all suits dismissed with prejudice, rendering the second sentence of section 150.002(e) utterly meaningless. If the panel is correct, there was no need for the Legislature to include the second sentence of section 150.002(e). Rather, the Legislature could have simply mandated, "The plaintiff's failure to file the affidavit in accordance with the section shall result in dismissal of the complaints against the defendant with prejudice." Yet, the Legislature specifically chose to allow the trial court to make the decision with regard to the type of dismissal it should render.

The panel opinion not only misinterprets the second part of section 150.002(e), turning "may" into "shall," but eliminates entirely any possibility of a dismissal without prejudice, thereby negating language implicitly included in the statute by the Legislature. I believe the Legislature fully intended to permit the trial court to take into account any circumstances as to why the required affidavit was not filed with the original petition. The plain meaning of the language fulfills the Legislature's obvious intent, and we should not, as courts interpreting the actions of the Legislature, nullify that intent, thereby inserting ourselves into the legislative process. Accordingly, I dissent.

Marialyn Barnard, Justice