# IN THE SUPREME COURT OF TEXAS

══════════════
No. 15-0123
══════════════

PEDERNAL ENERGY, LLC, PETITIONER,

v.

BRUINGTON ENGINEERING, LTD., RESPONDENT

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
══════════════════════════════════════════════════

**Argued September 14, 2016**


JUSTICE DEVINE, concurring.

The certificate-of-merit statute generally provides for the dismissal of a "complaint" against a licensed professional engineer, among others, when the complaint is not accompanied by an affidavit from a similarly licensed professional. TEX. CIV. PRAC. & REM. CODE § 150.002(a). The dismissal may be with or without prejudice. *Id.* § 150.002(e).

The Court holds that the statue does not, as a matter of law, require a trial court to dismiss a complaint with prejudice merely because it was filed without an accompanying certificate of merit. *Ante* at ___. I agree with that. The Court also holds that the statute does not require dismissal with prejudice when the complaint is accompanied by a deficient certificate of merit, although the Court does not decide whether the certificate here was deficient or not. *Id.* at ___. I agree that a deficient

certificate, without more, also does not require dismissal with prejudice. Based on those holdings, the Court reverses the court of appeals' judgment and reinstates the trial court's judgment. *Id*. at ___.

While I agree that the court of appeals' judgment must be reversed, I would not merely reinstate the trial court's dismissal order. I would instead remand to the trial court for it to consider Bruington's motion to dismiss unburdened by what I perceive to be an erroneous, intervening mandate from the court of appeals. That mandate, which arose from a previous interlocutory appeal under Chapter 150, directed the trial court to dismiss Pedernal's amended petition. *See Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523, 532 (Tex. App.—San Antonio 2013, no pet.) (*Bruington I*). The trial court's order here clearly indicates that the court would not have dismissed Pedernal's complaint but for the mandate in *Bruington I*. Given the passage of time, that order may now be tantamount to a death-penalty sanction. I would therefore honor Pedernal's alternative prayer that seeks a remand to the trial court for the court's consideration of a lesser sanction or other relief to which it may be entitled.

The *Bruington I* remand left for the trial court to determine only whether the mandated dismissal should be with or without prejudice. *Id*. The trial court set the matter for hearing, heard evidence and counsels' arguments, and reviewed the entire case file before rendering its order. In that order, the trial court traces the case's procedural history, beginning with Pedernal's original petition and Bruington's first motion to dismiss. Bruington's first motion sought dismissal with prejudice because Pedernal failed to file a certificate of merit with its original petition.

Pedernal was apparently unaware of the certificate-of-merit statute or its requirements. After being educated by Bruington's motion, Pedernal took a voluntary nonsuit, and the trial court signed an "Order of Nonsuit" that purported to dismiss Pedernal's claims against Bruington "without prejudice". At the time, Bruington did not object to the order or ask for a hearing on its motion to dismiss with prejudice. The underlying case remained on the trial court's docket, however, because of Pedernal's claims against other defendants.

About six months later, Pedernal amended its petition to bring Bruington back into the case. This time Pedernal included a certificate of merit. Bruington answered, amended that answer, and, after a short delay, filed another motion to dismiss with prejudice. The motion asserted two grounds: (1) Pedernal's failure to file a certificate of merit with the original petition, and (2) Pedernal's failure to file a sufficient certificate of merit with its amended petition. The trial court denied the motion to dismiss, and Bruington sought an interlocutory appeal.

At issue in *Bruington I* was whether Bruington waived the dismissal motion's first ground by not objecting to the nonsuit, not demanding a hearing on its motion to dismiss with prejudice, or not pursuing an earlier appeal of the trial court's previous dismissal order without prejudice (the Order of Nonsuit). *Id*. at 527-28. The court of appeals concluded that Bruington's failure to pursue its first motion did not waive its underlying ground—that a complaint filed without the requisite certificate of merit required dismissal with prejudice. *Id*. at 528. The court reasoned that Bruington's first motion to dismiss survived Pedernal's nonsuit because it sought affirmative relief (dismissal with prejudice) that the nonsuit order did not address and thus could be reurged several months later. *See id.* at 527-28 (citing *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (per

3

curiam) (noting that the nonsuit order was not final because it did not address all claims including a motion for sanctions) and *Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008) (holding that "the trial court's denial of Villafani's motion for sanctions and dismissal and Trejo's nonsuit collectively disposed of all the claims between the two parties")).

The court of appeals, however, did not remand for the trial court merely to reconsider its previous dismissal order in light of Bruington's renewed motion to dismiss. Instead, the appellate court "conclude[d] that the trial court erred by not dismissing Pedernal's claims against Bruington," and remanded for the trial court to determine whether that dismissal "should be with or without prejudice." *Bruington I*, 403 S.W.3d at 532. Although the trial court had several months earlier dismissed Pedernal's original petition without prejudice, the court of appeals concluded that the earlier, non-compliant petition required dismissal of Pedernal's amended complaint as well. As already noted, the court's mandate then remanded only the issue of whether that dismissal should be with or without prejudice. Following that mandate, the trial court conducted a hearing and made findings of fact.

The trial court found that it had dismissed the original petition without prejudice and that Pedernal's failure to file a certificate of merit with its original petition was neither intentional nor done with conscious indifference. The court further noted that Bruington did not object to, appeal from, or otherwise indicate its displeasure with, the court's previous order of dismissal without prejudice. Moving on to Pedernal's amended petition, the court found that it had previously conducted a hearing on Bruington's motion to dismiss at which Bruington presented no evidence in support of the motion and after which the court denied the motion. At that previous hearing, the

4

court considered the pertinent pleadings, Pedernal's certificate of merit, and the arguments of counsel. But *Bruington I* required the trial court to hear the matter again, and so the court again reviewed the certificate of merit, finding it to be a "complete report" by an expert who "provid[ed] more than sufficient meritorious grounds for the lawsuit." Then, after reciting "particular pertinent findings" from the report that demonstrated the merit of Pedernal's lawsuit, the order discordantly concluded ". . . having made the above and foregoing specific findings . . . IT IS ORDERED THAT Pedernal's lawsuit is dismissed, without prejudice to refiling same." Obviously, that would not have been the trial court's order had the matter been left to its own discretion.

Dissatisfied with that order, Bruington filed a second interlocutory appeal, complaining again that Pedernal's amended petition should be denied with prejudice. This time, the court of appeals agreed with Bruington, effectively disagreeing with itself in *Bruington I*. *See Bruington Eng'g Ltd. v. Pedernal Energy L.L.C.*, 456 S.W.3d 181, 190 (Tex. App.—San Antonio 2014) (*Bruington II*).

Although *Bruington I* remanded for the trial court to determine the appropriate dismissal order under these circumstances, *Bruington II* concludes that the trial court possessed no such discretion. *Id*. at 190 ("hold[ing] that, as a matter of law, when a plaintiff fails to file an affidavit contemporaneously with the first-filed complaint . . . the complaint [must] be dismissed with prejudice." This about-face caused some consternation among the court's membership. *See, e.g., id.* at 191 ("If the panel believed the statute mandated dismissal with prejudice, there was no need for a remand in the first instance.) (Barnard, J. dissenting to the order denying reconsideration en banc); *id*. at 192 ("In previously remanding this case appropriately to the trial court for a determination of whether such dismissal should be with or without prejudice to refiling, we cannot

5

now hold as a matter of law that a trial court can reach only one decision—to dismiss with prejudice.) (Maritnez, J. dissenting to the order denying reconsideration en banc). And, of course, this Court disagrees with *Bruington II* as well. *Ante* at ___ ("Pedernal's failure to file an expert affidavit with its original petition was not, by itself, evidence that the allegations in its petition lacked merit or mandated the sanction of dismissal with prejudice."). But *Bruington II* is not the only problem.

*Bruington I* was also erroneous because it usurped the trial court's discretion on remand by requiring the court to dismiss Pedernal's amended petition. Thus, despite the trial court's determination that no basis existed to dismiss the original petition *with prejudice* and its determination that the amended petition and supporting affidavit provided "more than sufficient meritorious grounds for the lawsuit," the trial court had to dismiss Pedernal's amended petition or violate the court of appeals' mandate. *Bruington I* is the only reason the trial court dismissed Pedernal's amended complaint. If left to its own discretion, the court would have undoubtedly let stand its previous order dismissing Pedernal's original petition without prejudice and would have denied Bruington's motion to dismiss the amended petition outright. In fact, that is precisely what the trial court did before *Bruington I* reversed its decision. Therefore, given the confluence of errors in the court of appeals, I would not merely reinstate the trial court's erroneously mandated judgment but would instead remand for the trial court to reconsider Bruington's motion to dismiss in light of our decision and unbound by the court of appeals' previous mandate in *Bruington I*.

_____

John P. Devine
Justice

Opinion Delivered: April 28, 2017